CITY OF BOSTON vs. FRANK McCAFFERTY.

Suffolk. November 7, 1951. — December 4, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Old Age Assistance. Public Welfare.*

A recipient of old age assistance from a municipality, who had acquired by legacy funds not exempt under the old age assistance law, G. L. (Ter. Ed.) c. 118A, and greater in amount than the assistance furnished, was liable under § 4A, as appearing in St. 1948, c. 581, § 3, to reimburse the municipality for the assistance furnished prior to his acquisition of such funds as well as for that furnished thereafter.

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 20, 1950.

The action was heard by *Adlow*, J.

*W. H. Kerr*, (*H. F. Cicchetti*, Assistant Corporation Counsel, with him,) for the plaintiff.

*J. J. Sheehan*, for the defendant, submitted a brief.

RONAN, J. This is an action of contract brought under G. L. (Ter. Ed.) c. 118A, § 4A, inserted by St. 1941, c. 729, § 5, as appearing in St. 1948, c. 581, § 3, to recover for old age payments to the defendant from January 7, 1949, to March 14, 1950, amounting to $1,084.12. The defendant on November 18, 1949, received $4,000 on account of a legacy of $5,000 bequeathed to him by his brother, and at the time this action was commenced he had $1,584.12 from this legacy in his possession. The present action was brought with the written approval of the department of public welfare as required by the statute cited above. The trial judge found for the plaintiff for the full amount of its claim, but the Appellate Division by a majority decision ordered judgment for the plaintiff for $275.80, being the amount of all payments to the defendant subsequent to

November 19, 1949, the day after he had received the $4,000. The city appealed from this decision.

The city contends that, by virtue of the' statute above mentioned, it is entitled to recover for all payments made to the defendant prior to his receipt of the $4,000. The defendant admits that he is liable to repay the city for payments made subsequent to the receipt of this money, but contends that the statute did not require him to reimburse the city for "all assistance lawfully rendered from the time of the very first payment of such old age assistance." Both parties agreed that the defendant had in his possession at the time this action was commenced the sum of $500 in excess of the exact total of the city's claim, apparently for the purpose of avoiding any question that the money in the possession of the defendant over the $500 was exempt from being reached in satisfaction of the city's claim. See G. L. (Ter. Ed.) c. 118A, § 5A. Both parties agree that the sole issue presented for decision is whether the defendant is liable to pay the city for old age assistance rendered prior to the receipt of the legacy.

We held in *Worcester* v. *Quinn*, 304 Mass. 276, upon various grounds, that a city in the absence of a statute could not recover for old age assistance payments made without mistake, accident, or fraud against the estate of one who subsequent to these payments had inherited a substantial amount and where the balance of the inheritance in the possession of her conservator was more than sufficient to reimburse the city for all old age assistance rendered to her. To the same effect see *County of Los Angeles* v. *Security First National Bank*, 84 Cal. App. (2d) 575; *State* v. *Lindstrom*, 68 Idaho, 226; *County Department of Public Welfare of Allen County* v. *Potthoff*, 220 Ind. 574; *County Department of Public Welfare of Lake County* v. *Nichols' Estate*, 223 Ind. 467; *In re Estate of Butler*, 159 Kans. 144; *Division of Aid for Aged* v. *Breskvar*, 155 Ohio St. 15.

The Legislature shortly after the *Quinn* case furnished a remedy to cities and towns to secure reimbursement under certain conditions where the recipient of old age assistance

has come into funds, by the enactment of St. 1941, c. 729, § 5, inserting in G. L. (Ter. Ed.) c. 118A the new § 4A, which, as appearing in St. 1948, c. 581, § 3, reads as follows: "A person shall. be liable in contract to any town for expenses incurred by it under this chapter for assistance rendered to such person under this chapter if such person is in possession of funds not otherwise exempted, provided action is commenced against such person within six years next after the date when said person last received assistance or support under this chapter or chapter one hundred and seventeen. The executor or administrator of such person shall likewise be liable for such expenses if the estate of such person is in possession of funds not otherwise exempted thereunder, but in any· action therefor the defense of the statute of limitations shall not be available to the executor or administrator except as provided in chapter one hundred and ninety-seven. In no event, however, shall any action be brought under this section in behalf of a town except with the written approval of the department."

The statute, according to the defendant, should be construed to mean that he is not required to reimburse the city excepting only as to such payments as were made at a time when he was in possession of funds "in excess of those exempted by the old age assistance act." In other words, he contends that, if one is under no liability to repay the city when the benefits were granted to him, he does not become liable by subsequently receiving a substantial inheritance sufficient to pay for all such benefits. We do not agree. The statute was enacted to change the existing law. The legislative intent is expressed in plain terms appropriately employed to manifest clearly and unambiguously its object and aim. We are of opinion that the scope of the statute is not limited to old age assistance granted after the recipient comes into possession of funds. *Selectmen of Topsfield* v. *State Racing Commission,* 324 Mass. 309, 312–313. *Condon* .v. *Haitsma,* 325 Mass. 371, 373.

The defendant rightly makes no contention that G. L. (Ter. Ed.) c. 118A, § 4A, is inconsistent with any provision

of that portion of the social security act which created the old age assistance system and governs the operation of the system. See U. S. C. (1946 ed.) Title 42, §§ 301–306, which, as amended, appear in Supplement IV of U. S. C. (1946 ed.) Title 42, §§ 301–306.

The order of the Appellate Division is reversed and judgment in favor of the city is to be entered in accordance with the finding of the trial judge.

*So ordered.*