TOWN OF DARTMOUTH *vs.* RICHARD PAULL, executor.

Bristol.   April 8, 1952. — May 2, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Old Age Assistance.   Public Welfare.*

The "exempted" property referred to in G. L. (Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3, was the property the ownership of which did not disqualify its owner from receiving old age assistance, and the words "funds not otherwise exempted" in that section referred to property other than such property.

The estate of a recipient of old age assistance, who died in 1950 owning personal property, including a bank deposit, of a total value less than $500 and real estate constituting his residence which had an assessed value not exceeding an average of $1,200 during the five years immediately preceding his application for assistance and which after his death was in the possession of a devisee under his will or a grantee of the devisee, was not "in possession of funds not otherwise exempted" within G. L. (Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3, and was not liable under that section to reimburse the town for the assistance rendered.

CONTRACT.   Writ in the Superior Court dated September 10, 1951.

The action was reported by *Smith,* J.

In this court the case was submitted on briefs.

*George H. Potter,* for the plaintiff.

*Richard Paull,* for the defendant.

WILLIAMS, J.   This is an action of contract to recover money paid by the plaintiff town by way of old age assistance to the defendant's testator and upon request of the parties is reported without decision by a judge of the Superior Court.   G. L. (Ter. Ed.) c. 231, § 111.

There has been an agreement as to all material facts which are as follows.   The plaintiff furnished old age assistance under G. L. (Ter. Ed.) c. 118A, as appearing in St. 1936, c. 436, § 1, as amended, to the defendant's testator in the amount of $1,586.91 from February 28, 1949, to October 30,

1950, the date of his death. During that period he possessed no personal property exceeding $500 in value, carried no life insurance, and had no means of support other than the old age assistance furnished by the plaintiff.

On March 19, 1950, he "acquired under the will of his wife" the real estate on which he had resided during the time he was receiving assistance. Its value "computed on the basis of assessed valuation did not exceed an average of $1,200 during the five years immediately preceding" his application for assistance on February 28, 1949. At his death his personal estate amounted to $499.04 which included a bank deposit of $107.51 and an old age assistance check for $120.34. The defendant executor after paying all claims against the estate except the one with which we are now concerned has in his possession a balance of $6.93. The above mentioned real estate is in the possession of the devisee under the will or of his grantee or grantees. The present action is brought with the approval of the department of public welfare. See G. L. (Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3.

It is provided in c. 118A that an applicant shall not be disqualified from receiving old age assistance by reason of the ownership of an equity in the real estate whereon he resides provided that the value of such equity computed on the basis of assessed valuation during the five years immediately preceding his application does not exceed $3,000 (§ 4, as appearing in St. 1943, c. 512, as amended by St. 1950, c. 626); nor by reason of ownership of a bank deposit under $500 (§ 5A, inserted by St. 1949, c. 622). In § 4A it is provided that "A person shall be liable in contract to any town for expenses incurred by it . . . for assistance rendered to such person . . . if such person is in possession of funds not otherwise exempted," and that the executor of the receiver of assistance shall be liable for the expenses incurred by the town "if the estate of such person is in possession of funds not otherwise exempted thereunder," but that no action shall be brought in behalf of the town without the written approval of the department.

Dartmouth *v.* Paull.

The question for decision is whether the real and personal estate of which the recipient of assistance died possessed can be considered funds in the hands of the executor "not otherwise exempted" so that the estate becomes liable for the repayment of the furnished assistance. The statute provides that the ownership of certain real estate (§ 4) and bank deposits not in excess of a stated value (§ 5A) shall not disqualify an applicant from receiving assistance. The applicant therefore may receive assistance although he owns such property if it is not in excess of such value. We think it clear that the funds to which reference is made are funds other than those the possession of which does not disqualify the applicant. It would be strange if the intendment of the statute was that the town on one hand could render assistance to the applicant although he owned certain property, and on the other hand bring an action against him to recover the amount of the assistance because he owned that same property.

We think the exemptions mentioned in § 4A refer to property the possession of which under the statute will not disqualify the applicant from obtaining assistance. Our conclusion is that the defendant was not and is not in possession of funds of his testator "not otherwise exempted." Judgment may be entered for the defendant.

*So ordered.*