PERCY B. WHITING, administrator, *vs.* DEPARTMENT OF PUBLIC WELFARE.

Suffolk.    October 8, 1954. — December 31, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Moot Question.   Old Age Assistance.   Public Welfare.*

A controversy between a recipient of old age assistance and the public welfare authorities as to the propriety of a termination of such assistance was rendered moot by the recipient's death; the monthly assistance unpaid between the time of the termination and the recipient's death was not a debt in favor of his estate even if the termination was improper. [139]

In a certiorari proceeding attacking the propriety of a termination of old age assistance, originally brought by the recipient of the assistance and after his death prosecuted by his administrator, it was not open to the administrator to assert rights respecting alleged payments made by him individually to a nursing home as necessary to discharge an obligation incurred by the board of public welfare. [141]

PETITION, filed in the Superior Court on December 26, 1952, by Bessie O. Whiting seeking to have a decision of the respondent "reversed" and the petitioner restored to eligibility for old age assistance retroactive to May 31, 1952.

The case was heard by *Nagle,* J.

*Henry C. Gill,* for the petitioner.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, (*Dorice S. Grace,* Assistant Attorney General, with him,) for the respondent.

WILKINS, J. This petition for a writ of certiorari, originally brought by Bessie O. Whiting, and after her death on January 22, 1953, prosecuted by the administrator of her estate, was heard upon the petition and return. *Morrissey v. State Ballot Law Commission,* 312 Mass. 121, 124. *Sesnovich v. Board of Appeal of Boston,* 313 Mass. 393, 399. The judge ordered the petition dismissed, and following the entry of judgment for the respondent, the petitioner appealed. The respondent argues that the appeal was not properly taken, but as the petitioner is not entitled to prevail in any event, we do not discuss this question of practice.

Bessie O. Whiting, a resident of the town of Abington, was a recipient of old age assistance from August 1, 1950, until May 31, 1952, in the sum of $99.50 monthly. Thereafter the local board of public welfare terminated payments to her on the ground that she had made a transfer of real property with intent "to evade the lien law." G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4. If the assessed value of the real property transferred was less than $3,000, the statute does not apply. St. 1952, c. 621. Her contention was that the transfer was not within the statute where the assessed value was $3,150 and she was a joint owner with another. Upon appeal the respondent affirmed the decision of the local board.

We do not decide the merits of the controversy, which has become moot by reason of the death of Bessie O. Whiting. The old age assistance law did not create a debt against the Commonwealth or the town in favor of her estate for the monthly payments which might have been made to her but were not.[1] On the other hand, an admin-

---

[1] It was stated in the brief of the petitioner administrator: "The petitioner . . . asserts that as administrator he is entitled to recover such old age assistance as . . . [was] wrongfully withheld from the intestate from the date of its discontinuance on May 31, 1952, until the date of her death on January 22, 1953." — REPORTER.

istrator could be liable in contract to a municipality where the estate "is in possession of funds not otherwise exempted." G. L. (Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3, as amended by St. 1951, c. 801, § 5. *Boston* v. *McCafferty*, 328 Mass. 177. *Dartmouth* v. *Paull*, 329 Mass. 22. In certain circumstances upon the death of a recipient of old age assistance, it is the duty of the board of public welfare of a municipality to take action to enforce a lien upon real estate. G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4.

The foundation underlying old age assistance is a grant in aid to the living. "Such assistance shall, wherever practicable, be given to the aged person in his own home or in lodgings or in a boarding home . . . . Such assistance shall be paid by check or in cash, which shall be delivered to the applicant at his residence, if he so requests, and shall be paid semi-monthly in advance unless the applicant prefers less frequent payments. Such assistance shall be on the basis of need, and the amount thereof shall be determined in accordance with budgetary standards established by the local board of public welfare." G. L. (Ter. Ed.) c. 118A, § 1, as amended by St. 1950, c. 799.

Payments which can be made after the death of a recipient are set forth in the last paragraph of G. L. (Ter. Ed.) c. 118A, § 1, as amended by St. 1951, c. 525, § 2, which reads: "Payment for medical, hospital, visiting nurse service, convalescent and nursing home, or funeral expenses of any such aged person may be paid directly to the person, visiting nursing association or hospital furnishing such services. Payment for other services rendered to such an aged person may be paid directly to the person furnishing such services only when such payment is effected to meet an expense which remained unpaid at the time of the death of such aged person or his commitment to an institution as an insane person or in a case where such payment is necessary to discharge an obligation incurred by the board of public welfare in securing such services for such aged person." Had there been a legislative intent to permit recovery by

an administrator in a case like that at bar, we should expect to find the provision here.

The petitioner administrator asserts that he individually made payments to a nursing home which were necessary to discharge an obligation incurred by the local board of public welfare. Such a contention is not open in this proceeding which was brought in the lifetime of the original petitioner, and can in no sense be construed as a petition for the payment of expenses existing at her death. Besides, the asserted facts are not sustained by the record.

*Judgment affirmed.*