Town of Shrewsbury *vs.* Garrett J. Murphy,
administrator.

Worcester. September 26, 1955. — December 2, 1955.

Present: Qua, C.J., Ronan, Spalding, Williams, & Counihan, JJ.

*Old Age Assistance. Public Welfare. Executor and Administrator*, Real estate of decedent, Action against estate, New assets. *Practice, Civil*, Premature action.

Following the death of an intestate owner of real estate leaving one heir, the death of the heir, also intestate, and a subsequent sale of the real estate by license granted under G. L. (Ter. Ed.) c. 202, § 19, as amended, to the administrator of the original owner's estate, the ad-

ministrator of the estate of the heir became entitled to the net proceeds of the sale.   [292–293]

An action brought by a town against an administrator under G. L. (Ter. Ed.) c. 118A, § 4A, as amended, to recover the amount of old age assistance furnished to the decedent was prematurely brought where the administrator was not then in possession of funds not exempted, although he was then entitled to receive certain such funds; but such funds when received by him, if more than one year after his giving bond, would be new assets in his hands within G. L. (Ter. Ed.) c. 197, § 11, and another action could thereupon be brought against him by the town under § 11.   [293–294]

CONTRACT.   Writ in the Superior Court dated December 8, 1952.

The action was heard by *Swift,* J.

*Stanley G. Barker,* Town Counsel, for the plaintiff.

*James A. Crotty, Jr.,* for the defendant.

COUNIHAN, J.   This is an action of contract to recover money paid by the plaintiff town by way of old age assistance to the defendant's intestate, Ellen Daley.   G. L. (Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3.   The action was tried before a judge without a jury upon a statement of agreed facts.   The judge found for the defendant.   We treat this finding as an order for judgment. The plaintiff appealed.     G. L. (Ter. Ed.) c. 231, § 96. There was no error.

The facts are these.   The plaintiff furnished old age assistance under G. L. (Ter. Ed.) c. 118A, as appearing in St. 1936, c. 436, § 1, as amended, to Ellen Daley from December 1, 1944, to October 1, 1951, in the amount of $4,867.24.   Ellen died on October 29, 1951.   Until May 21, 1951, Ellen had been living in a house owned by her sister Anna who died on that date.   When Anna died her estate consisted of the house in which Ellen had lived on lot 21 and a vacant lot of land adjoining described as lot 20.   The house and the lot upon which it stood were assessed for $2,900. There was a mortgage of $1,100 on the house and lot.   The vacant lot was assessed for $300.   Ellen was the sole heir of Anna and she continued to live in this house until her death on October 29, 1951.

The present action is brought with the approval of the department of public welfare. G. L. (Ter. Ed.) c. 118A. We consider this case only upon count 1 of the plaintiff's declaration which seeks recovery under c. 118A, § 4A.

Garrett J. Murphy was appointed administrator of the estate of Ellen on December 12, 1951, and he was appointed administrator of the estate of Anna on December 24, 1951. On June 5, 1952, as administrator of the estate of Anna he petitioned the Probate Court for authority to sell lots 20 and 21 apparently under the provisions of G. L. (Ter. Ed.) c. 202, § 19, as amended by St. 1941, c. 341, § 1, and on June 13, 1952, a license to sell such real estate was granted. This real estate was sold by Murphy as administrator of Anna's estate for the sum of $9,500 and after the payment of the mortgage, taxes and other expenses there remains in his hands as such administrator the sum of $7,100. The record does not disclose that a petition for distribution or any account has ever been filed by Murphy as administrator of either estate.

Ellen as the sole heir of Anna acquired title to this real estate by descent at the instant of the death of Anna and no distribution was required. Newhall, Settlement of Estates (1937) § 210. Compare *Daley* v. *Daley*, 300 Mass. 17, 21. General Laws (Ter. Ed.) c. 202, § 19, authorized the sale of the whole or any part of this real estate by the administrator of Anna's estate and further provides that "the net proceeds of such sale, after deducting the expenses thereof and such amount as may be required for the payment of debts . . . and charges of administration, in consequence of a deficiency in the personal property, shall be paid over to the person or persons who would have been entitled to such real estate and in the proportions to which they would have been entitled had it not been sold." See G. L. (Ter. Ed.) c. 204, § 9. Ellen, being the sole heir of Anna, was entitled to all of such real estate. Under the statute she would have been entitled if living to the net proceeds of the sale without further proceedings in the Probate Court as matter of right and when received they would

have become her personal property. Inasmuch as Ellen died before the net proceeds of this sale under c. 202, § 19, became available, her administrator who stands in her shoes became entitled to receive these net proceeds. The administrator of Anna is therefore holding in his hands funds which rightfully belong to the administrator of the estate of Ellen.

The defendant argues that these funds retain the characteristics of the real estate and that, Ellen having died before the sale, the net proceeds of the sale should be paid to the heirs of Ellen. We do not agree. As we have already pointed out, c. 202, § 19, provides that the net proceeds be paid over to the person who would have been entitled to such real estate. We think that this undoubtedly means the person who was entitled to the real estate at the time of the death of Anna. That person was Ellen and if living these funds would have to be paid over to her. If deceased the funds should go to her administrator. Whether such funds were real or personal property they were liable in any event to satisfy the debts of Ellen.

The defendant relies upon *Dartmouth* v. *Paull*, 329 Mass. 22. But the facts in that case are entirely dissimilar to those in the case at bar which we think more closely resembles *Boston* v. *McCafferty*, 328 Mass. 177.

We think that the plaintiff has a meritorious claim on which it ought to recover if means may be found to permit it. See *Cogswell* v. *Hall*, 185 Mass. 455, 456.

Under the provisions of c. 118A, § 4A, the administrator of a person to whom old age assistance has been furnished by a town must be in possession of funds not exempted before such administrator is liable to such a town. The order for judgment was therefore correct because it appears that this action was prematurely brought.

We think it appropriate to say, however, that when the funds arising out of the net proceeds of the sale of the real estate come into the possession of Murphy as administrator of the estate of Ellen, by reason of suitable proceedings in the Probate Court or otherwise, see G. L. (Ter. Ed.) c. 197,

§ 24,[1] they will become new assets coming into the hands of such administrator after the expiration of one year from the time of his giving bond and such administrator shall be liable, on account of such new assets, "in like manner as if such assets had been received within the one year." G. L. (Ter. Ed.) c. 197, § 11.[2] The plaintiff town could then institute a new action at law to enforce its claim for expenses incurred for old age assistance to Ellen.

*Order for judgment affirmed.*

---

[1] "When the amount due a person who is next of kin or a distributee of an intestate estate on account of his share of the personal property has been ascertained by a decree of the probate court for distribution or partial distribution, or whenever any real or personal estate comprised in a trust or in the estate of a deceased person is ordered by the probate court to be sold and distributed under section nineteen of chapter two hundred and two, section twenty-five of chapter two hundred and three or section twenty-one of chapter two hundred and six, or any legacy or any surplus proceeds of sale are ordered by said court to be distributed or disposed of pursuant to the preceding section or section nine of chapter two hundred and four, or whenever said court in pursuance of any authority conferred on it orders the distribution or disposal of any fund or moneys, payment of the same, by the executor, administrator, trustee or other person so ordered to pay or distribute, to the person entitled may, if the executor, administrator, trustee or other person neglects upon demand to pay such amount, be enforced summarily by the probate court upon motion of the person entitled, in the same manner as a like payment under a decree in equity may be enforced, and execution may also be issued therefor against the executor, administrator, trustee or other person personally as upon a judgment at law."

[2] "If new assets come to the hands of an executor or administrator after the expiration of one year from the time of his giving bond, he shall account for and apply the same in like manner as if they had been received within said one year, and shall be liable, on account of such new assets, to an action at law or to a proceeding in the probate court by or for the benefit of a creditor, in like manner as if such assets had been received within the one year, if such action or proceeding is commenced within six months after the creditor has notice of the receipt of such assets, and within one year after they are actually received."