TOWN OF DENNIS vs. JOSIAH H. COOK & another,
administrators.

Barnstable.    May 2, 1956. — June 8, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Old Age Assistance.    Public Welfare.    Executor and Administrator, Debts,
Real estate of decedent, Claim for old age assistance.*

The estate of one to whom old age assistance had been furnished by a town
prior to 1952 was not legally indebted to it therefor under G. L.
(Ter. Ed.) c. 118A, § 4A, as appearing in St. 1948, c. 581, § 3, at his
death by reason of his then owning real estate which at all material
times had had an assessed valuation of less than $3,000 and was at his
death the equivalent of "funds . . . exempted," and was not sub-
sequently put in possession of nonexempt funds nor made liable to
the town for the assistance through a sale of the real estate by the
administrator for an amount in excess of $3,000.

CONTRACT.    Writ in the Superior Court dated February 5,
1955.

The action was heard by *Beaudreau, J.,* on a case stated.

*Edwin S. Mycock & Joseph H. Beecher,* for the defendants,
submitted a brief.

No argument nor brief for the plaintiff.

WHITTEMORE, J.    The plaintiff, with the approval of the
department of public welfare, brought an action of contract
to recover under G. L. (Ter. Ed.) c. 118A, § 4A, as appear-
ing in St. 1948, c. 581, § 3, for old age assistance in the
amount of $6,489.30 furnished the defendants' intestate
from September 30, 1942, through December 31, 1951.    The
action was tried in the Superior Court upon a case stated.
The defendants under G. L. (Ter. Ed.) c. 231, § 96, appealed
from an order for judgment for the plaintiff.    The order
was erroneous.

The intestate throughout this period of aid had owned
real estate, the assessed value of which for the five years
preceding September 30, 1942, and thereafter, was $2,050.

The defendants sold this real estate to pay debts and the net proceeds of the sale were $6,833. The statute provided that "A person shall be liable in contract to any town for expenses incurred by it under this chapter for assistance . . . if such person is in possession of funds not otherwise exempted . . . . The executor or administrator of such person shall likewise be liable for such expenses if the estate of such person is in possession of funds not otherwise exempted thereunder . . . ." Equity in real estate "computed on the basis of assessed valuation . . . [not exceeding] an average of three thousand dollars during the five years immediately preceding" the application was, at the relevant times, the equivalent of "funds . . . otherwise exempted." G. L. (Ter. Ed.) c. 118A, § 4,[1] as appearing in St. 1936, c. 436, § 1, as amended by St. 1938, c. 467, and St. 1941, c. 729, § 4, and as appearing in St. 1943, c. 512, as amended by St. 1950, c. 626.

We have held that the town may not recover from the personal representative of the recipient because of the latter's ownership at death of such exempt real estate. *Dartmouth* v. *Paull*, 329 Mass. 22. The town's claim, therefore, is not an indebtedness for the payment of which a sale could have been made under G. L. (Ter. Ed.) c. 202, § 1. The inheritors of the real estate own it free of the claim of the town and their rights are not subject to being wiped out by the obligation of the personal representative under § 1 to sell it to pay other debts, or his decision to sell for distribution under § 19. It is true that the proceeds of real estate sold to pay debts under § 1 are "assets in the hands of the executor or administrator in like manner as if they had originally been part of the personal property of the deceased" and hence are available to pay debts of the estate, and that they are in effect subject to "the payment of

---

[1] See now G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, which became effective January 1, 1952, and provides for a lien upon real estate but that "No lien shall be enforced under this section when the combined value of the recipient's interest in real estate at the time of his decease, based on fair market value, together with the amount of cash surrender value in life insurance exempted under section five, amounts in the aggregate to fifteen hundred dollars or less."

debts . . . in consequence of a deficiency in the personal property" under § 19, but that does not make such proceeds the equivalent of nonexempt funds which can cause the claim for aid furnished, otherwise nonenforceable, to become enforceable. The rule of *Dartmouth* v. *Paull* is not affected by the sale of the real estate for an amount above the exemption figure.

In *Shrewsbury* v. *Murphy*, 333 Mass. 290, the sale of the real estate, the equity in which computed on assessed value was less than $3,000 and the sale price of which was more than $3,000, was not by the administrator of the recipient of the aid, but by the same individual in his capacity as administrator of a prior owner from whom the recipient of the aid had inherited the real estate. We held there that the net surplus proceeds of the sale when paid to the administrator of the recipient would come into his hands as new assets of the estate, and would be funds "not otherwise exempted" under c. 118A, § 4A. We held that the administrator would be receiving the funds *in the right of his intestate* — funds which, if they had been received by her, "would have become her personal property." Thus the administrator would hold the funds, not as proceeds of exempt property converted by him into cash by necessity or for convenience, and hence subject to the same exemption, but as personal property which when his right in respect thereof arose was not exempt, with the same effect as though his intestate had held the proceeds rather than the real estate at her death.

The order for judgment is reversed and judgment is to be entered for the defendants.

*So ordered.*