JEREMIAH HENDERSON *vs.* TOWN OF YARMOUTH.

Barnstable. December 3, 1956. — April 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Old Age Assistance. Public Welfare. Lien. Joint Tenants. Real Property,* Joint tenancy.

*Weaver* v. *New Bedford, ante,* 644, followed.

BILL IN EQUITY, filed in the Superior Court on January 23, 1956.

The suit was heard by *Hudson*, J.

In this court the case was submitted on briefs.

*A. Harold Castonguay*, for the defendant.

*Harold L. Hayes, Jr.*, for the plaintiff.

WILLIAMS, J.   This is a suit in equity by a surviving joint tenant of real estate in Yarmouth to remove a cloud on his title from a lien recorded on December 1, 1954, by the town under G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, to obtain reimbursement for old age assistance furnished and to be furnished to one Maude E. Briggs. There is an agreement as to the facts.

The land in question was purchased by the plaintiff on May 10, 1954, and title taken in his name and that of his housekeeper, Maude E. Briggs, as joint tenants.   Maude E. Briggs died on July 15, 1955, at which time the town had advanced her $1,744.75 as old age assistance under G. L. (Ter. Ed.) c. 118A as amended.

The question for decision is the same posed in *Weaver* v. *New Bedford, ante,* 644, namely, whether the land now owned by the plaintiff as surviving joint tenant is held by him subject to the lien of the town.   No suit to enforce the lien was brought during the life of the recipient of assistance.

By a final decree, from which the defendant town appealed, it was declared that the lien was not enforceable and the town was ordered to discharge it.   In our opinion the lien of the town was extinguished by the death of Maude E. Briggs and the plaintiff is entitled to its discharge in the manner provided by the statute.   *Weaver* v. *New Bedford, ante,* 644.

*Decree affirmed.*