CITY OF NEW BEDFORD *vs.* ELLEN BENDER, administratrix.

Bristol.    January 10, 1963. — March 4, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Old Age Assistance.    Public Welfare.    Executor and Administrator,* Claim
for old age assistance.

Under G. L. c. 118A, § 4A, as amended through St. 1951, c. 801, § 5, and,
if applicable, § 4, as amended through St. 1957, c. 304, a municipality
was entitled to recover from the estate of a deceased recipient of old age
assistance the full amount of the assistance furnished, not that amount
less $1500, where available unexempted funds of the estate in excess of
$1500 were sufficient to pay the full amount.

BILL IN EQUITY filed in the Superior Court on March 9,
1960.

The suit was heard by *Dewing, J.*

*George Jacobs,* Assistant City Solicitor, for the plaintiff.

No argument nor brief for the defendant.

SPIEGEL, J.    This is a suit in equity brought under G. L.
c. 231A to determine the amount of indebtedness owed by
the defendant to the plaintiff as a result of old age assist-
ance payments made to one Anne T. Jenkins.    The plaintiff
has appealed from a final decree entered pursuant to a
Superior Court finding that "the estate of Anne T. Jenkins
is indebted to the . . . [plaintiff] in the amount of ten thou-
sand eighty-four dollars and ninety-two cents, less the stat-
utory exemption of fifteen hundred dollars."    The evidence
is not reported.

We state the pertinent facts from findings made by the
trial judge.    The plaintiff's Department of Public Welfare,
Division of Old Age Assistance, furnished old age assist-
ance to Anne T. Jenkins beginning on August 1, 1942, and
ending September 30, 1959, in the amount of $10,084.92.
Mary Moran, the daughter of Anne T. Jenkins, died on July
9, 1959, and the defendant was appointed administratrix of

her estate. Mary Moran's only heir at law was her mother, Anne T. Jenkins, who died on April 8, 1960. The defendant was also appointed administratrix of her estate. The inventory filed with the Probate Court in the estate of Mary Moran lists personal property in the amount of $7,991.95 and real property assessed at $1,975 but sold by the administratrix for $7,500. When her daughter died, Anne T. Jenkins "was entitled to receive something over fifteen thousand dollars from her daughter's estate." The plaintiff claims that out of this sum it is entitled to be reimbursed for all old age assistance payments made since 1942 and has brought this suit with the written approval of the Department of Public Welfare, as is required by G. L. c. 118A, § 4A, as amended through St. 1951, c. 801, § 5.

The trial judge noted that under § 4 of this chapter "there is a limitation of enforcement of a lien on real estate to the value in excess of fifteen hundred dollars," and that the plaintiff city "seasonably took a lien on the real estate of Anne T. Jenkins."

The only issue before us is whether the judge was in error in deducting the statutory exemption of $1,500 from the amount of old age assistance furnished Anne T. Jenkins.

General Laws c. 118A, § 4A, provides in part that a "person shall be liable in contract to any town for expenses incurred by it under this chapter for assistance rendered to such person under this chapter if such person is in possession of funds not otherwise exempted" and that the "administrator of such person shall likewise be liable for such expenses if the estate of such person is in possession of funds not otherwise exempted thereunder, but in any action therefor the defense of the statute of limitations shall not be available . . . ." No contention is made that reimbursement for the full $10,084.92 was not authorized under this section. The difficulty arises from the trial judge's application of G. L. c. 118A, § 4, as amended through St. 1957, c. 304, which provides for the creation of a lien, in favor of a town, on real estate owned by a recipient of old age assistance. The section reads in part: "No lien shall be en-

forced under this section when the combined value of the recipient's interest in real estate at the time of his decease, based on fair market value, together with the amount of cash surrender value in life insurance exempted under section five, amounts in the aggregate to fifteen hundred dollars or less.   When said aggregate value of real estate and cash surrender value in life insurance exceeds fifteen hundred dollars, the amount in excess of fifteen hundred dollars shall be recoverable under the lien . . . .''   Assuming G. L. c. 118A, § 4, to be applicable, the significance of the above quoted passage is that a city, ''asserting the lien for old age assistance under § 4, in order to satisfy that lien may not have recourse to the first $1,500 of value of the real estate and insurance.''   *Tisbury* v. *Hutchinson,* 338 Mass. 514, 516.   There is no basis for construing the limitation as creating a $1,500 credit to be applied against the total sum due under § 4A when there are sufficient funds available, over and above $1,500, to pay that total figure.   Indeed, § 4 provides that, ''When said aggregate value of real estate and cash surrender value in life insurance exceeds fifteen hundred dollars, the amount in excess of fifteen hundred dollars shall be recoverable under the lien . . . .''   The section contemplates full recovery of the assistance paid.   In the instant case the recipient of old age assistance ''was entitled to receive'' in excess of $15,000 from her daughter's estate.   There were sufficient, ''not otherwise exempted,'' funds in excess of $1,500 to permit payment of the $10,084.92 indebtedness.   It was error, therefore, to deduct $1,500 from the amount due the plaintiff from the defendant as administratrix of the estate of Anne T. Jenkins.

It is doubtful that a lien under G. L. c. 118A, § 4, could have applied in this case.   While the record is not entirely free from doubt on the point, it appears likely that the real estate left by the daughter was sold by the defendant in her capacity as administratrix of the estate of the daughter, Mary Moran, and not in her capacity as administratrix of the recipient's estate.   In such a situation we have held that the net proceeds of the sale would have been payable to

the sole heir as her personal property had she been living and, as such, must be paid to her administratrix. *Shrewsbury* v. *Murphy*, 333 Mass. 290, 292–293. This being so there would have been no "interest in real estate" owned by the recipient, Anne T. Jenkins, to which a lien under G. L. c. 118A, § 4, could attach.

The decree is reversed and a decree is to be entered declaring that the defendant owes the plaintiff a sum equal to the amount of old age assistance furnished to Anne T. Jenkins from August 1, 1942, through September 30, 1959, without deducting any statutory exemption, but less any sums of money previously received by the city toward this indebtedness.

*So ordered.*