DONALD M. McDAVITT, JR., & another, trustees, *vs.* PLANNING BOARD OF WINCHESTER. March 22, 1974. This is an appeal from a decree of the Superior Court adjudging as valid a decision of the planning board of the town of Winchester (the board), disapproving (G. L. c. 41, § 81U) the plaintiffs' plan for the subdivision of land described as "Parcel A." The case was tried on a statement of agreed facts constituting a case stated. Parcel A is the remainder of the plaintiffs' rectangular thirteen and one-half acre tract, three-quarters of which had previously, with the board's approval, been subdivided into nine lots. Under the approved plan the tract was bisected by a private way known as Squire Road connecting with the system of streets at the northwesterly boundary of the tract but meeting the southeasterly boundary at a dead end. Parcel A lies between Squire

Road on the east and an approved subdivision of land on the west, including the terminus of Thornberry Road, a way laid out in that subdivision extending to the common boundary. The board disapproved the plaintiffs' plan insisting that they construct an extension of Thornberry Road through Parcel A to Squire Road. This would sacrifice one of three lots into which the plaintiffs propose to subdivide the parcel. (1) The board relied on its regulation IV A (1) (c) (adopted under G. L. c. 41, § 81Q, pursuant to purposes set forth in § 81M) requiring that "[s]treets shall be continuous and in alignment with existing streets as far as practicable and shall comprise a convenient system with connections adequate to insure free circulation of vehicular traffic." We conclude that the regulation was properly designed to fulfill the board's statutory obligation to provide adequate access to the subdivision, and not, as the plaintiffs assert, only to assure continuity of travel within the subdivision itself. See G. L. c. 41, § 81M; *Stoneham* v. *Savelo*, 341 Mass. 456, 458 (1960). In our view the regulation serves the public interest, is reasonably related to public safety, health, welfare and convenience, and complies with the purposes of the subdivision control law. G. L. c. 41, § 81M. See *Lyman* v. *Planning Board of Winchester*, 352 Mass. 209, 214 (1967). It appears from the exhibits that the connection of Squire Road to Thornberry Road is a reasonable method of achieving the purpose of the board's regulation and was contemplated by the board when it approved the plan of the abutting subdivider requiring that Thornberry Road be carried to the common boundary, and also when it later approved the initial subdivision of the plaintiffs' property. It is clear that the plaintiffs knew in advance that this would be required of them (compare *Castle Estates, Inc.* v. *Park and Planning Board of Medfield*, 344 Mass. 329, 334 [1962]) and that the plaintiffs had no reason to expect a waiver of the board's regulation (compare G. L. c. 41, § 81R; *Caruso* v. *Planning Board of Revere*, 354 Mass. 569, 571-572 [1968]). (2) As there is no evidence that the plaintiffs were required by the board or its regulations to dedicate land for public use or to convey or release land to the town for use as a public way, their contention that the board's regulation was invalidated by the provisions of G. L. c. 41, § 81Q, is without merit. The decree of the Superior Court is affirmed with costs of appeal.

*So ordered.*

*Walter H. McLaughlin, Jr.* (*John S. Leonard* with him) for the plaintiffs.

*Leonard J. Mullen,* Town Counsel, for the Planning Board of Winchester.