Gershengorn, J.
The plaintiff (“Clark”) appeals the denial of a definitive subdivision plan by the defendants, Planning Board of the Town of Hopkinton (“Board”). Pursuant to the provision of G.L.c. 41, §8IBB (1994 ed.), a de novo hearing was held in Middlesex Superior Court on September 26, 1996.
FINDINGS OF FACT
The Board voted unanimously to disapprove the plan for nine reasons stated in the Certificate of Planning Board Action. Seven of those reasons have been resolved by agreement at trial and only two remain in contention between the parties.[2] The two remaining issues are Reason No. 2 (failure to provide for a pedestrian access easement from Lake Whitehall to the Upton State Forest) and Reason No. 3 (existence of dead-end street on the plan). This court need only decide the issue of dead-end streets to conclude the Board’s decision did not exceed its statutory authority in disapproving the subdivision plan.
The Board has adopted Rules & Regulations (“Regulations”) for the Subdivision of Land in accordance with the provisions of G.L.c. 41, §81Q (1994 ed.) which apply to this Subdivision Plan. Pursuant to G.L.c. 41, §81Q, the Board is required to promulgate reasonable rules and regulations by which prospective developers may know what is expected in a satisfactory subdivision plan. The court has interpreted this statute to require that subdivision regulations must be comprehensive, reasonably definite, and carefully drafted so that the owner may know in advance what is or may be required of them.[3]
The Board’s regulations provide, in pertinent part, “Dead end streets shall not be approved except where exceptional circumstances exist in the opinion of the Board.”[4] The regulations further state, “[a] dead end street shall be defined as a street having one common means of ingress and egress from a through street.” Reason No. 3 given by the Board for denial of the subdivision plan was based on the existence of a dead-end street in the subdivision plan. The Board further concluded in Reason No. 3 that exceptional circumstances did not exist that would warrant a dead end. The Board has determined the general categories of exceptional circumstances include: (l)family subdivision; (2) existence of environmental concerns; (3) to provide for proper projection of streets to other property; and (4) open space and landscape preservation developments. The portion of Frances Way from its intersection with Wescott Drive to the end is a dead-end street. The plaintiff has failed to produce any evidence that exceptional circumstances exist in their subdivision plan. Contrary to Plaintiffs counsel reliance on Francesconi, this is not a case where the plaintiff could not develop the subdivision in any other way.[5]
Plaintiffs counsel argued that the phrase ”... except where exceptional circumstances exist in the opinion of the Board” is not sufficiently definitive to satisfy the requirements of G.L.c. 41, §81Q. We disagree. The fact that a regulation gives the Board discretion is not fatal to its validity as a proper exercise of authority by the Board. The general rule of definiteness as established in Castle Estates[6] has been the touchstone of judicial scrutiny of local regulations for any taint of impermissible vagueness.[7] Within the Castle Estate rubric of definiteness there is room for flexibility to allow local boards to tailor decisions to the specific facts and circumstances.[8] Planning Board regulations may permit sufficient leeway for determination based on the individual facts of each case. Sasoucy v. Planning Bd. of Worcester, 335 Mass. 647, 648-49 (1969) (local regulation calling for underground utilities unless “not feasible” in the judgment of the board held valid). Lyman v. Planning Bd. of Winchester, 352 Mass. 209, 213-14 (1967) (board has discretion to apply or not to apply its regulations requiring extension of subdivision streets in the public interest). Canter v. Planning Bd. of Westborough, 7 Mass.App.Ct. 805, 811 (1979) (Canter II) (use of the word “normally” in local board’s regulation covering pedestrian ways properly reserves to board case-by-case determination of what might be appropriate for a particular subdivision). McDavitt v. Planning Bd. of *99 Winchester, 2 Mass.App.Ct. 806, 807 (1974) (regulation that streets be continuous and in alignment with existing streets “as far as practicable” upheld under Castle Estates scrutiny).
This court finds the language of the Board’s regulation concerning dead-end streets is sufficiently definitive. More importantly, no exceptional circumstances have been alleged to exist to permit the existence of a dead-end street under the regulation.
RULINGS OF LAW
The Board’s adoption of a regulation prohibiting dead-end streets, except where exceptional circumstances exist in the opinion of the Board, is an appropriate exercise of its authority underG.L.c. 41, §81Q. Pursuant to the purposes of enactment of the subdivision control law in G.L.c. 41, §81M (1994 ed.), the Board’s adoption of the regulation prohibiting dead-end streets is consistent with the protection, safety, convenience and welfare of the inhabitants of the town. Under §81M the power of the Board to regulate dead-end streets within the subdivision plan was exercised with due regard for the statutory provision of adequate access and “securing safety in the case of fire, flood, panic and other emergencies . . .” G.L.c. 41, §81M.
The prohibition against dead-end streets is an appropriate exercise of authority. The Appeals Court has held a regulation which provided that “streets shall be continuous and in alignment with existing streets as far as practicable ...” served the public interest, was reasonably related to public safety, health, welfare and convenience, and complied with the purposes of the subdivision control law. McDavitt v. Planning Board of Winchester, 2 Mass.App. 806, 807 (1974) (rescript). Specifically, the court found the regulation was properly designed to fulfill the Board’s obligation to provide adequate access to the subdivision. Id.
The burden rests upon the applicant for plan approval to produce evidence at trial that the Board has exceeded its authority in disapproving the plan. Fairbaim v. Planning Board of Barnstable, 5 Mass.App.Ct. 171, 173 (1977). The plaintiff has failed to sustain his burden of proof and present evidence which shows that the Board exceeded its authority and acted improperly in disapproving the subdivision plan. The regulation is comprehensive and reasonably definite so that the plaintiff knew in advance what may be required of him and what standards and procedures would be applied. Mac-Rich Realty Construction, Inc. v. Planning Board of Southborough, 4 Mass.App.Ct. 79, 80-81; Castle Estates, Inc. v. Park and Planning Board of Medfield, 344 Mass. 329, 334 (1962).
The subdivision plan does not comply with the Board’s regulations. Contrary to the prohibition against dead-end streets contained in the regulations, the subdivision plan contains a dead-end street and no evidence of exceptional circumstances was presented at trial. If the record discloses that any substantial reason given by the Board for the disapproval of the plan was proper, the decision of the Board must be affirmed. Mac-Rich Realty Construction, Inc. v. Planning Board of Southborough, 4 Mass.App.Ct. 79, 80-81; Canter v. Planning Board of Westborough, 7 Mass.App.Ct. 805, 809 (1979). The above discussed reason given by the Board for disapproval of the Subdivision plan was proper, and the decision of the Board is therefore affirmed.[9]
ORDER FOR JUDGMENT
For the foregoing reasons, it is therefore ORDERED that judgment enter AFFIRMING the decision of Planning Board of the Town of Hopkinton denying the plaintiffs subdivision plan.

 The parties stipulated and agreed for purposes of the trial that the reasons set forth by the Board for denial of the subdivision plan shall be addressed as follows: Reason No. (1) Reserve Strips, the Board shall not further prosecute and same is withdrawn; Reason No. (2) Pedestrian Access, remains an issue; Reason No. (3) Dead-end street, remains an issue; Reason No. (4) Extension of Wescott Drive, the Board shall not further prosecute and same is withdrawn; Reason No. (5) Sight Distance, the Board shall not further prosecute the portion of this reason relating to sight distance at Wescott Drive and Pond Street and a hearing will be held to determine compliance otherwise; Reason No. (6) Open Space, the Board shall have the right to designate one lot, other than Lot 7, as nonbuildable for three years and utilized as a park; Reason No. (7) Street trees, the plaintiff shall comply with the requirements of the rules and regulations; Reason No. (8) Granite curbs and guttermouths, the plaintiff shall comply with the requirements of the rules and regulations; and Reason No. (9) Granite transition curbs, the plaintiff shall comply with the requirements of the rules and regulations.

 North Landers Corp. v. Planning Bd. of Falmouth, 382 Mass. 432, 439 (1981), citing Castle Estates, Inc. v. Park & Planning Bd. Of Medfield, 344 Mass 329, 334 (1962).

 Article VI., Design Standards, Section A, Streets, subsection 4, Dead Ends. Town of Hopkinton, Office of the Planning Board Rules and Regulations Relating to the Subdivision of Land (Revised 1995).

 Francesconi v. Planning Board of Wakefield, 345 Mass. 390 (1963) (planning board may properly restrict the length of dead-end streets within a subdivision unless, in the opinion of the board, a greater length was necessitated by topography or other local conditions).

 Castle Estates, Inc. v. Park & Planning Bd. of Medfield, 344 Mass. 329, 334 (1962) (subdivision regulations must be comprehensive, reasonably definite, and carefully drafted so that the owner may know in advance what is or may be required of them).

 North Landers Corp. v. Planning Board of Falmouth, 382 Mass. 432, 439 (1981).

 Note, Land Subdivision Control, 65 Harv. L. Rev. 1226, 1227 (1952) (unlike zoning which presupposes crystallized determination of land use, subdivision control contemplates general standards to be specifically applied).

 The court then will not reach the remaining issue of pedestrian access. But see Dolan v. City of Tigard, 114 S.Ct. 2309 (1994).