Helen P. Foster *vs.* Abigail P. Smith & others.

Middlesex.   December 12, 13, 1911. — May 21, 1912.

Present: Rugg, C. J., Morton, Hammond, Braley, & Sheldon, JJ.

*Devise and Legacy. Power. Way,* Private. *Easement,* Creation by exception.

A testator devised a parcel of land to his three children, two sons and a daughter, as joint tenants with a remainder in fee to such of their children as should be living at the time of the death of his last surviving child, subject to a power in his children to convey "his, her or their interest in and to said real estate . . . to either one or more of the children of any of them," which conveyance so made should "vest in the grantee thereof a full and perfect title in fee simple, notwithstanding the above devise to [the testator's] children as joint tenants." The two sons died without exercising this power. After their death the daughter made a deed of the land under the power to one of her three children. Children of both of the sons were living. *Held,* that the power exercised by the daughter applied to the whole parcel of land of which she had become the life tenant and that her child in whose favor she exercised the power took a title in fee simple to the whole of the land.

A provision in a deed of land for a right of way for the benefit of "the owners and
    their assigns" of an adjoining lot of land of the grantor, if the right of way is
    over a pathway referred to in the deed as an existing way, may operate as an
    exception and create an easement in fee without the use of the word "heirs."

PETITION, filed in the Land Court on October 21, 1910, and amended on January 11, 1911, for the registration of title to a parcel of land in Lincoln, being the first parcel mentioned in the second clause of the will of Jonas Smith, late of Lincoln, so much of the petition as related to the second parcel there mentioned having been stricken out by the amendment.

In the Land Court the case was heard by *Davis,* J. Jonas Smith was the petitioner's grandfather. He died in 1875, and his will, which was dated in 1862, was proved. The petitioner claimed title to the parcel in fee simple under that will and under a deed to her from her mother, Sarah Caroline Pierce, dated March 4, 1910, purporting to be made in execution of a power contained in the will.

The second clause of the will was as follows:

"2d. I give, bequeath and devise to my three children Francis Smith, Webster Smith and Caroline Pierce wife of Samuel H. Pierce, the certain tract of land with the buildings thereon, containing seven acres more or less, being the same upon which my new house and barn now is, and situated in said Lincoln about one half mile from the centre thereof, on the road from said Lincoln to Concord. Also a certain other parcel of land, being woodland, situated in said Lincoln between the above mentioned lot and the Depot road, and adjoining the Beaver Gray Meadow, containing two acres more or less. — to hold to the said Francis, Webster and Caroline as joint tenants, for and during their joint lives and the survivor of them; and upon the decease of the survivor of them, (no conveyance thereof having been made according to the power hereinafter set forth), said estate to be equally divided among the children of said Francis, Webster and Caroline, who shall at that time be living, their heirs and assigns forever. —

"Giving however to either of my said children full power to convey his, her or their interest in said Real estate to my other children or either of them and such conveyance so made, shall vest in the child or children to whom it is made an estate for life, and upon the decease of the grantee or grantees thereof, the share

or shares so conveyed shall be equally divided among & between the children of said grantee or grantees share and share alike, and shall vest in them an estate in fee simple —

"And in default of issue of said grantee or grantees then to the heirs of said grantee or grantees, their heirs and assigns forever.

"And further giving to my said children or to either of them full liberty and power, to convey his, her or their interest in and to said Real estate or any part thereof to either one or more of the children of any of them, and such conveyance so made shall vest in the grantee thereof a full and perfect title in fee simple, notwithstanding the above devise to my children as joint tenants."

Jonas Smith at his death left the three children named in his will. Webster and Francis died, and Sarah Caroline Pierce was the sole survivor at the time that she gave the deed to the petitioner, who was one of her three children. At the time of the hearing seven grandchildren of Jonas Smith were living, of whom three were children of Francis Smith and one was the child of Webster Smith. Each of the children of Francis and Webster claimed a remainder in fee in the parcel in question, in common with the other grandchildren, contingent upon surviving Sarah Caroline Pierce. They asked the judge to rule in accordance with this claim, and he refused to do so. He ruled that, by the will of Jonas Smith, Sarah Caroline Pierce took a power to convey, and by her deed did convey, the parcel in fee simple to her daughter, the petitioner.

The petitioner claimed a right of way appurtenant to the land in controversy over adjoining land, which belonged to the respondent Abigail P. Smith by devise from her late husband Francis Smith. Both parcels formerly belonged to Jonas Smith, who conveyed the parcel comprising the adjoining land to his son Francis Smith by a deed dated April 1, 1850, the parcel containing one hundred acres described as beginning at the corner "on the path leading to Lilly Ditch then running south on east side of pathway on my land to Lilly Ditch," and so on, followed by these words: "Reserving however to the owners and their assigns of the lot of seven acres on which a new house and barn now stands the right to pass and repass said Lilly Ditch pathway at such times and for such purposes as they shall desire." The petitioner relied upon this clause for her claim of the right of way. The "lot of seven acres on

which a new house and barn now stands" was the parcel sought to be registered. There was no evidence regarding this pathway excepting the above language in the deed of Jonas Smith. The respondent Abigail P. Smith asked the judge to rule that Jonas Smith reserved a right of way for his life only. The judge refused to make this ruling.

The judge ordered a decree for the petitioner; and the respondents alleged exceptions.

*G. M. Palmer & J. S. Smith,* for the respondents.

*J. L. Thorndike,* for the petitioner.

HAMMOND, J. By the second paragraph of the will of Jonas Smith two parcels of land were devised. The petition as finally amended concerns only the first parcel. It is contended by the respondents that the habendum clause of the paragraph does not affect this parcel, but only the second. This position is untenable. The description of each parcel is included between the granting or devising clause and the habendum clause, and it is manifest that the latter clause refers to all covered by the first. Such is the only reasonable interpretation.

Irrespective of the powers, the will creates as to this real estate a joint tenancy for life in the three children of the testator with a remainder in fee to such of their children as shall be living at the time of the death of his last surviving child. But both these estates, that for life as well as that in remainder, are subject to modification by the exercise of the powers conferred upon the life tenants. There are two powers given to each life tenant, — one to convey his interest to the other life tenants or either of them, and one to convey his interest to either one or more of the children of any of them. In case of a conveyance under the first power the estate granted is vested in the grantees or grantee for life and the remainder in fee in their children, share and share alike, or in default thereof to their heirs. This power never was exercised and, as only one of the life tenants is now living, never can be exercised. It is to be considered only so far as it throws light upon the meaning of the second power. In the case of a conveyance under the second power there was vested in the grantee a "full and perfect title in fee simple, notwithstanding the above devise to my children as joint tenants."

It is evident from the will itself that the draughtsman was well

acquainted with the rules of law as to real estate and as to powers. The general plan for the disposition of the land was simple in outline. There was a joint tenancy for life in the three children of the testator with remainder in fee to certain of his grandchildren. The life estate was vested, the remainder was contingent going only to those who should be living at the time of the death of the last life tenant. If the testator had stopped here, then in the absence of any conveyance by the life tenants or either of them, the joint tenancy would have continued under the right of survivorship in the survivors for the time being until the death of the last survivor, when the contingent remainder would have become vested. If either joint tenant had conveyed his interest, then as to that interest the joint tenancy would have ceased and his grantee would have held as tenant in common with the others. As to this part the right of survivorship would be gone. But a conveyance by one of three joint tenants of his interest does not affect the joint tenancy of the other two as to their interests. As between these two the right of survivorship still remains as to their interests. The relation between them and the grantee of the other is that of tenants in common, while that between themselves is that of joint tenants as to their interest, with the right of course in each of them to sever by conveyance the joint tenancy still remaining between them. Co. Lit. § 294. 2 Bl. Com. 186. But while the joint tenants could have dealt at will with the life estate, they in the absence of the powers given in the will could not have dealt with or affected in any way the remainder. Such would have been the situation in the absence of any special powers.

We are now brought to the consideration of the nature and effect of the second power. By the death of Francis and Webster, two of the life tenants, the whole life estate became vested in Caroline, the sole survivor. She proceeded to act under the second power and made a conveyance of her interest in the land to her daughter, who is the petitioner. The deed recites the power, and there is no doubt that the deed conveyed all that the grantor, either in her individual capacity or as donee of the power, could convey, and that the grantee received by virtue of the deed and of the power all that she could receive.

The power was given " to my said children or to either of them ... to convey his, her or their interest ... to either one or more of

the children of any of them," and "such conveyance so made shall vest in the grantee thereof a full and perfect title in fee simple, notwithstanding the above devise to my children as joint tenants." The power is to convey the interest of the life tenant. What was the interest of Caroline, the life tenant? While all were living she was one of three and could have conveyed a life estate in an undivided third of the land. While only two were living she was one of two and could have conveyed a life estate in only an undivided half of the land. When she became the sole survivor she could have conveyed the life estate in the whole land. And this she could have done as an incident to the joint tenancy. If, acting under her common law rights as a joint tenant and not under the power contained in the will, she had made a conveyance of her interest to a stranger, which she certainly could have done, the grantee would have taken what her interest was at the time of the conveyance, either a life estate in the whole land or in an undivided half or third, as the case might be.

But it is argued by the respondents that, whatever might have been her powers at common law and whatever might have been the legal effect of a conveyance thereunder, this deed was in pursuance of the power and in exercise thereof, and that by the language of that power the interest which was to be affected and to which under the power the title in fee simple was to attach was not her interest in the life estate at the time of the conveyance, but her original interest, namely, one third.

But this interpretation does not commend itself to us. The most natural interpretation is to consider that the interest she had the power to convey was the interest which she had at the time of the conveyance.

By virtue of the deed the whole life estate passed to the grantee and by virtue of the power there was vested in the grantee a full and complete title to the land, the life estate in which was conveyed by the deed. The grantee became seised of the fee in the land. Upon this branch of the case we concur with the following language of the judge of the Land Court: "It seems to me that the intention of the testator as to the land in question was first, to keep it in the family, and second, subject only to that limitation, to leave it within the control of his three children. Each could dispose of his own life interest and each could dispose of

the remainder thereunder as he saw fit within the limits of the family. I find no intention, except only on failure to exercise any of the powers, to preserve the estate in thirds or in shares to be held *per stirpes*. On the contrary the powers of disposition given to each child expressly provided for either a severance or a consolidation of both the estates for life and of the remainders thereunder. The testator's intention seems to me manifest that the property should eventually vest in such grandchild or grandchildren as his own children might select for the purpose. These respondents could have been selected either by their own parent or by their uncle or aunt. By not exercising the powers given him each child as he died left not only his life estate, but the power of disposition over the remainder, to the survivors and then to the last survivor. . . . It seems to me that it was the intent of the testator that the title thus vesting in fee simple should be the title to the entire estate and that he used words not only apt, but technically exact, for that purpose. I rule that under the will of Jonas Smith and the deed from [Sarah] Caroline Pierce the petitioner acquired a title in fee simple to the whole of the land now in controversy."

The ruling was right. The ruling as to the right of way was also right. In the deed from Jonas Smith to Francis Smith of the land adjoining the land in controversy it was mentioned as the "path leading to Lilly Ditch," that is, as an existing way. The provision for a right of way over the path may take effect as an exception. *Hamlin* v. *New York & New England Railroad,* 160 Mass. 459. *Bailey* v. *Agawam National Bank,* 190 Mass. 20, and cases cited.

*Exceptions overruled.*