MALBON G. RICHARDSON & others, trustees, *vs.* DAVID H. GREENHOOD.

Suffolk.     January 11, 1917. — January 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Attachment,* Petition to dissolve. *Practice, Civil,* Interlocutory order, Appeal, Pendency of action, Exceptions.

A petition under R. L. c. 167, § 110, as amended by St. 1909, c. 190, to reduce or dissolve an attachment as excessive or unreasonable, is incidental to the action in which the attachment was made, and an order of a judge of the Superior Court, after hearing such a petition, that the attachment be dissolved, is an interlocutory order in the pending action.

No appeal can be entered in this court from an interlocutory order made by a judge of the Superior Court in an action at law.

An action at law begins at the date of the writ and is pending before the writ is entered in court.

An order made by a judge of the Superior Court under R. L. c. 167, § 110, as amended by St. 1909, c. 190, that an attachment be dissolved as excessive or unreasonable, is a matter within the discretionary power of the judge who made the order, and, if the writ on which the attachment was made never was entered in court, so that the order may be regarded as a final judgment from which an appeal can be taken, the only question on such an appeal would be whether there was an abuse of discretion.

Assuming that any question of law ever can be brought before this court in regard to the granting of a petition under R. L. c. 167, § 110, as amended by St. 1909, c. 190, to reduce or dissolve an attachment as excessive or unreasonable, it here was *said* that, in the absence of a report by the trial judge, the procedure would be to file a bill of exceptions which, if allowed, would await the final disposition of the case and then could be brought to this court.

" PETITION TO DISSOLVE ATTACHMENT," filed on October 6, 1916, under R. L. c. 167, § 110, as amended by St. 1909, c. 190, seeking the dissolution of an attachment made by the plaintiff in an action at law brought by David H. Greenhood against Malbon G. Richardson and others, the petitioners, on the ground that such attachment was excessive and unreasonable.

In the Superior Court the petition was heard by *Lawton,* J., who made an order "that the prayer of said petition be granted and that the attachment be and it hereby is dissolved."

The respondent appealed from the order.

*J. A. McGeough,* for the respondent.

*L. Bryant,* for the petitioners.

RUGG, C. J.    This proceeding is entitled "Petition to dissolve attachment."    It was filed in the Superior Court on October 6, 1916.    It alleges, so far as here material, that on October 5, 1916, Greenhood brought an action at law in contract with damages laid at $65,000, wherein the present petitioners were named as defendants, and attached their funds to a substantial amount in the hands of a trustee.    It concludes with these words: "the petitioners say that said attachment is excessive and unreasonable and move that the matter may have a summary hearing and that said attachment be dissolved."    On October 21, 1916, after hearing, the attachment was dissolved by an order of the Superior Court.    On November 7, 1916, Greenhood appealed from that order.

The petition for the dissolution of the attachment was brought under R. L. c. 167, § 110, as amended by St. 1909, c. 190.    That statute is designed to provide a speedy and summary hearing for relief against excessive or unreasonable attachments.    But it is a proceeding incidental to the action in which the attachment has been made.    Such an action begins on the date of the writ.    Although in the case at bar the writ had not been entered in court when this petition was filed and under the law could not have been made returnable into the clerk's office until the first Monday of November, 1916, nevertheless that action was pending and this petition was incidental to it.    The order made by the Superior Court dissolving the attachment was an interlocutory order in that action.    It was stated in oral argument at the bar that that writ had been entered in court and still was pending.    There

is nothing in the record about that subject. But, if that be assumed to be the fact, then no appeal from such an interlocutory order can be entered in this court and there is no jurisdiction to consider it. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 546.

If it be assumed in favor of the appealing party that the writ in the original action never has been entered in court so that this order might be regarded as a final judgment, then there is no error of law apparent on the record. On that assumption the attachment was dissolved in the exercise of judicial discretion, and there is nothing to indicate that it was not exercised wisely.

If any question of law ever can be open upon such a petition as the present, the procedure (in the absence of a report by the presiding judge, *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257) would be to file a bill of exceptions, which, if allowed, would await the stage of final disposition of the case, when it might be brought here. *Brooks* v. *Shaw*, 197 Mass. 376.

*Appeal dismissed.*