AILSA R. WEAVER *vs.* CITY OF NEW BEDFORD.

Bristol. November 1, 1956. — April 4, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Old Age Assistance. Public Welfare. Lien. Joint Tenants. Real Property*, Joint tenancy.

The creation of a lien under G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, by a municipality upon land for old age assistance furnished to one of two joint owners of the land did not effect a severance of the joint tenancy, and upon the death of the recipient of the assistance, the other joint owner surviving, the lien was extinguished.

BILL IN EQUITY, filed in the Superior Court on October 24, 1955.

The suit was heard by *Smith*, J.

In this court the case was submitted on briefs.

*Joseph C. Duggan*, City Solicitor, for the defendant.
*Leonard E. Perry*, for the plaintiff.

WILLIAMS, J.   This is a bill in equity under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for a declaratory decree as to the validity of a lien for old age assistance as recorded by the city of New Bedford on land now owned by the plaintiff.   The facts are agreed.   One Albert S. Ramsden, late of New Bedford, was furnished old age assistance by the city, from January 1, 1952, until his death on March 15, 1955, in the amount of $1,014.32.   He owned jointly with his daughter, the plaintiff, land and buildings at 46 Atlantic Street, New Bedford, the fair market value of which, above a mortgage, was $2,685.   He also owned life insurance policies having a cash surrender value of $1,001.49.   On February 27, 1952, the city recorded a certificate of lien upon the said real estate for the amount of assistance granted and to be granted to Ramsden under G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4.   Since Ramsden's death the city has demanded that the plaintiff pay it $843.99 to satisfy the lien, this amount being ascertained by adding $1,342.50, one half of the equity in the real estate, to $1,001.49, the cash surrender value of the policies, and deducting $1,500, the amount of the statutory exemption.   There is an actual controversy between the plaintiff and the city as to its right to satisfy its lien from the real estate which the plaintiff now owns as surviving joint tenant.

From a final decree entered in the Superior Court declaring that the city had no right to enforce its lien against the real estate, and directing it to execute a "proper discharge," the city appealed.

General Laws (Ter. Ed.) c. 118A, § 4, as appearing in St. 1951, c. 801, § 4, provides in respect to old age assistance that the town shall place on record in the registry of deeds "an instrument in writing and under seal executed in common form and acknowledged in the same manner as deeds for real property creating a lien upon such real estate for the amount of assistance paid by it, including amounts paid subsequently to the recording of the lien, which lien shall be prior to any lien thereafter recorded . . . and shall be

notice to a subsequent purchaser, assignee or encumbrancer of the existence and nature of such lien. . . . Such lien shall be enforceable by a bill in equity filed in the superior court. . . . Upon reimbursement for the amount due under the terms of such lien, the town . . . shall execute and deliver a satisfaction thereof, and upon it being filed, the lien shall be dissolved . . . . It shall be the duty of the board of public welfare of the town to take action upon the death of the recipient or his otherwise ceasing to receive old age assistance from it, to enforce any such lien; but such action shall be taken only with the written approval of the . . . [State department of public welfare], which shall be granted . . . unless, in the opinion of the department, such enforcement will cause undue hardship . . . ."

A joint tenancy is created by the common law and the incident of survivorship grows out of the application of common law principles wholly independent of statute. The plaintiff's seisin was derived from the instrument establishing the joint tenancy and not by descent. *Attorney General* v. *Clark*, 222 Mass. 291, 295. In the absence of a severance of the jointure by the transfer or conveyance in his lifetime of the deceased joint tenant's interest the entire title vested in her. See *Foster* v. *Smith*, 211 Mass. 497; *Palmer* v. *Treasurer & Receiver General*, 222 Mass. 263, 264; *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 507.

Nothing in c. 118A suggests an intention of the Legislature to change the established common law rule. See *Corcoran* v. *S. S. Kresge Co.* 313 Mass. 299, 303. As in other cases of statutory lien the present lien appears designed to effectuate a charge on real estate for the satisfaction of an obligation, the general property remaining in the debtor. See Jones, Law of Liens (3d ed.) §§ 4, 5; Lummus, Liens, §§ 1, 2. It is similar to an attachment of real estate by mesne process which "fixes a lien on the premises, without transferring the title or affecting the nature of the estate." *Freeman* v. *M'Gaw*, 15 Pick. 82, 84. *Gardner* v. *Barnes*, 106 Mass. 505, 507.

The effect of a lien acquired by a town under c. 118A, § 4,

on a joint tenancy has heretofore not been the subject of judicial decision in this Commonwealth. In *Goff* v. *Yauman,* 237 Wis. 643, it was held that such a lien was enforceable, after the death of the recipient of assistance, against the real estate held by the surviving joint tenant on the ground that the application for assistance and its subsequent acceptance were voluntary acts which terminated the tenancy. The case involved the construction of a statute which specifically provided that the lien was enforceable "after transfer of title . . . by sale, succession, inheritance or will."

In *Gau* v. *Hyland,* 230 Minn. 235, 239, the court reached a different conclusion. There it was held that an old age assistance lien does not differ from other liens and that the rule applicable to other liens, that "a lien upon the interest of one of the joint tenants does not effect a severance of the jointure," applies.

We think that the decision of the Minnesota court was right. It is generally held that the event which brings a lien into existence does not effect a severance of a joint tenancy. See *Zeigler* v. *Bonnell,* 52 Cal. App. (2d) 217, 220–221; *Peoples Trust & Savings Bank* v. *Haas,* 328 Ill. 468, 471; *Vonville* v. *Dexter,* 118 Ind. App. 187, 205; *Eder* v. *Rothamel,* 202 Md. 189, 193; *Midgley* v. *Walker,* 101 Mich. 583, 584–585; Am. Law of Property, § 6.2; Tiffany, Real Property (3d ed.) § 425.

*Decree affirmed.*