VIRGINIA M. OSBORNE *vs.* TOWN OF LANCASTER.

Worcester. November 7, 1962. — November 30, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Old Age Assistance. Public Welfare. Lien. Tenants by the Entirety. Real Property,* Tenancy by the entirety.

Under an instrument of lien recorded by a town pursuant to G. L. c. 118A, § 4, against real estate then owned by husband and wife as tenants by the entirety, there was at the death of the wife a valid and enforceable lien on the property for old age assistance furnished to her where she had survived her husband.

BILL IN EQUITY for a declaratory decree, filed in the Superior Court on June 19, 1961.

The plaintiff appealed from a final decree entered after hearing by *Lurie, J.*

*Austin A. Philbin* for the plaintiff.

*Thomas F. Fallon* for the defendant.

WHITTEMORE, J. The plaintiff, devisee of Rose P. Mac-Mackin, sought an adjudication as to the right of the town of Lancaster to enforce a lien under G. L. c. 118A, § 4, against real estate of Rose for old age assistance furnished her from February 9, 1956, to February 9, 1961, the date of her death. The lien is asserted against real estate which Rose and her late husband, Archie[1], owned as tenants by the entirety on February 9, 1956, when notice of lien was filed. The notice applied to real estate of Archie as well as of Rose as aid had also been furnished the husband. No claim is made that there is an existing lien for the aid to Archie. See *Weaver* v. *New Bedford,* 335 Mass. 644.

The judge in the Superior Court ruled in substance that the lien of February 9, 1956, was valid against the entire

---

[1] Archie died on December 5, 1958. REPORTER.

interest of Rose as surviving tenant by the entirety. That ruling and the consonant final decree were right.

General Laws c. 118A, § 4, gives a lien on "an interest in real estate."[1] Rose's interest in the real estate during coverture was not transferable by her and could not be attached and sold upon execution. *Licker* v. *Gluskin,* 265 Mass. 403. *Pineo* v. *White,* 320 Mass. 487, 490–491, and cases cited. "The husband enjoys many incidents of ownership during coverture, while the exercise of similar incidents by the wife lies dormant." *Ibid.* p. 491. But c. 118A, § 4, does not limit the interests subject to lien thereunder to those which could be conveyed by the wife or attached by her creditors. The wife's interest is of sufficient substance so that by general principles, except for the limitations applicable to real estate of women at common law, it would be subject to conveyance and attachment. *Licker* v. *Gluskin,* 265 Mass. 403, 406–407. The limitations of the common law do not restrict the power of the Legislature. During coverture the wife's interest and her husband's "were 'one indivisible estate in them both and the survivor of them.' *Wales* v. *Coffin,* 13 Allen, 213, 215. *Hoag* v. *Hoag,* 213 Mass. 50." *Pineo* v. *White,* 320 Mass. 487, 491. The surviving wife took no new title when her husband died. "Upon . . . [his] death the estate simply was freed from participation by him." *Palmer* v. *Treasurer & Recr. Gen.* 222 Mass. 263, 265. The purpose of the statute that the town be reimbursed from the property of the recipient of aid, at a time when hardship will be avoided, is served by the ruling that this substantial interest in the wife is one to which c. 118A, § 4, applies.

We recognize that under this construction the town may not enforce the lien during the husband's lifetime notwith-

---

[1] ". . . [T]he ownership of an interest in real estate by an applicant or recipient who resides thereon . . . shall not disqualify him . . . provided, however, that the town shall take a lien on such property . . . . The town shall place on record . . . an instrument . . . creating a lien upon such real estate . . . . It shall be the duty of the board of public welfare of the town to take action upon the death of the recipient or his otherwise ceasing to receive old age assistance from it, to enforce any such lien . . . provided . . . that no lien . . . shall be enforced against any real property so long as the surviving spouse of the deceased recipient continues to reside thereon."

standing the statutory direction so to do either "upon the death of the recipient or . . . [her] otherwise ceasing to receive old age assistance." Although there is in this provision of the statute some indication of an intent to limit the interests subject to lien to those against which the lien may be enforced at any time after it arises, we think the general purpose of the statute is controlling.

*Decree affirmed.*