*Municipal Court of the*
*City of Boston*
No. 235017

## ALLEN B. SCHWARTZ AND DUCO ASSOCIATES, INC.

### v.

## WILLIAM B. STRONG AND CHARLOTTE STRONG

Argued: May 24, 1974 - Decided: Oct. 24, 1974

*Present:* Glynn, J. (Presiding), Canavan, De-Guglielmo, JJ.

Case tried to *Elam, J.*

**Glynn, J.** This is an action on a note for $10,000 against the guarantors of said note. The note provided for monthly payments of $150.00. The plaintiffs began this action by writ dated July 29, 1969 under the acceleration clause of the note. The defendants pleaded among other defenses an accord and satisfaction and an action pending in Superior Court, Middlesex County seeking declaratory relief.

The only issue on this interlocutory matter is whether or not there was error in the allowance of the motion of the defendants to discharge the attachment.

This action was commenced with an attachment of the defendants' real estate in Medford for $18,000. It was agreed by the parties that the disputed note was secured by a second mortgage of an eight family home in Boston owned by the maker of the note.

In addition, counsel agreed and presented the following facts to the court:

In September, 1969, a dispute arose between the owners, bank, holder of the first mortgage on the Boston property and the fire insurer which resulted in the bank taking possession of the real estate. The plaintiffs also took possession to protect their second mortgage and they also instituted foreclosure proceedings. The owners then sought declaratory relief in Superior Court (Middlesex County, #30798) seeking to restrain the foreclosure and other relief for alleged wrongful possession and wrongful cancellation of the fire insurance

policy on the said property. A master, after extended hearings on the petition of the owner found that the makers of the note were indebted to the plaintiffs in this case in the amount of $25,975.65, plus legal expenses of $1,750. The owners appealed the final decree which is now pending in the Court of Appeals. During the appeal the plaintiffs in this case conducted a foreclosure sale at which they received $35,000.

After hearing the above stated facts, the justice allowed the motion to discharge the attachment. No evidence was presented to the court by either party. The court allowed the motion to dissolve the attachment and the plaintiffs claimed a report on said allowance. This matter was argued by the plaintiffs before this Division at the same time the plaintiffs argued their claim of report on the findings and rulings of another trial judge who heard the merits of the action on the note.

Chapter 223, § 114 of the General Laws clearly gives the justice the authority, after hearing, to dissolve the attachment if he finds that it is excessive or unreasonable.

The matter of the dissolution of the attachment is within the discretion of the trial justice. The report reveals no abuse of this discretion. In the absence of any abuse of discretion the action of the trial justice will stand. *Richardson* v. *Greenwood,* 225 Mass. 608. **Report dismissed.**