# RESCRIPT OPINIONS.

VETERANS' AGENT OF RANDOLPH *vs.* MARY RINALDI. October 1, 1985.
*Veteran. Real Property*, Tenancy by the entirety. *Lien.*

On February 12, 1968, John Rinaldi (John) applied for veterans' benefits through the office of the plaintiff. The application was made pursuant to G. L. c. 115, § 5A, which provides for the payment of assistance benefits to the dependent father or mother of a veteran. John was the dependent father of a veteran, Guy Rinaldi. Contemporaneously with the approval of John's application, a lien was executed and filed at the registry of deeds upon real estate located at 205 Oak Street, Randolph.[1] At the time the lien was executed, and at the time of John's death on October 20, 1974, title to the property was held by John and the defendant as tenants by the entirety. On June 27, 1983, the plaintiff filed a complaint in the Superior Court to enforce the lien against the property owned by the defendant. After the defendant had filed an answer, both parties moved for summary judgment. The plaintiff contended that, because the defendant had an interest in the property, the lien was enforceable under G. L. c. 115, § 5A. The defendant argued, among other things, that the lien was not enforceable because she held title to the property as the survivor of a tenancy by the entirety and had not rceived any of the veterans' benefits. Therefore, the defendant claimed that John's death extinguished the lien. The judge allowed the defendant's motion for summary judgment and denied the plaintiff's motion.[2]

The following facts are not in dispute. At the time that John filed his application for veterans' benefits he was married to the defendant. She was his second wife and not the mother of Guy Rinaldi. She did not sign the application for veterans' benefits. From 1968 until the time of his death on

---

[1] Under G. L. c. 115, § 5A, a lien may be executed when the applicant or recipient of veterans' benefits is a dependent mother or father of a veteran, as defined in G. L. c. 115, § 1, and has an interest in one or more parcels of real estate and the fair market value of such interest is more than $1,500. The defendant did not qualify as a dependent mother under the statute because she was not the mother of Guy Rinaldi. See G. L. c. 115, § 1.

[2] The judge's primary ground for the allowance of the defendant's motion was that the lien was not enforceable as to her. His other grounds for allowance of the motion included "laches, statute of limitations and statute of frauds." Because we hold that the judge was correct in ruling that the lien was not enforceable against the defendant, we do not consider the other grounds upon which he based his decision.

October 20, 1974, benefit payments were paid directly to John for assistance with fuel, medical, nursing home and other of his miscellaneous needs. The defendant was not a recipient of any of the veterans' benefits, nor was she aware that John had applied for and was receiving benefits.[3]

At the time that the lien was executed on the property, title was held by John and the defendant as tenants by the entirety.[4] The fact that John alone received the benefits without the assent of the defendant did not cause a severance of that estate. *Krokyn* v. *Krokyn*, 378 Mass. 206, 211 (1979). Upon John's death, the defendant became the sole owner of the property "free and clear of any debts . . . of [John]." *West* v. *First Agricultural Bank*, 382 Mass. 534, 546 (1981). Therefore, because the defendant did not receive any of the benefits that gave rise to the lien and was the surviving tenant of a tenancy by the entirety, the lien was extinguished on the death of John.[5] The result reached in *Osborne* v. *Lancaster*, 345 Mass. 164 (1962), is not contrary to our holding. In *Osborne*, the court allowed enforcement of a lien in accordance with G. L. c. 118A, § 4 (see note 5, *supra*), against a survivor of a tenancy by the entirety where the survivor had been the recipient of the benefits. Here, the defendant has not received any of the benefits that have given rise to the lien. Therefore, the lien is not enforceable against her.

*Judgment affirmed.*

*William J. Carr* for the plaintiff.
*Karnig Boyajian* (*Marcia B. Golden* with him) for the defendant.

---

[3] The fact that the defendant had not been a recipient of any of the veterans' benefits was established in the following manner. The plaintiff did not allege in his complaint that the defendant was a recipient of any of the benefits. In her affidavit that she filed in support of her summary judgment motion the defendant specifically stated that she was not a recipient of any of the benefits. The plaintiff, in his affidavit, did not address that statement of the defendant. Thus, there was no genuine issue of material fact as to whether the defendant was a recipient of the veterans' benefits. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

[4] The property was held by John and the defendant as tenants by the entirety at least as early as 1968. Therefore, we need not consider the effect of G. L. c. 209, § 1, as amended by St. 1979, c. 727, which does not apply as the tenancy by the entirety was created before February 11, 1980. See *Turner* v. *Greenaway*, 391 Mass. 1002 (1984).

[5] In accord are *Weaver* v. *New Bedford*, 335 Mass. 644, 646 (1957), and *Henderson* v. *Yarmouth*, 335 Mass. 647, 648 (1957). Both cases involved the enforcement of liens placed on properties as a result of persons receiving old age assistance benefits. (G. L. c. 118A, § 4, later repealed by St. 1973, c. 1210, § 23). In both instances survivors of joint tenancies who had not received any benefits contended that the liens had been extinguished by the death of the tenant who had received the benefits. The court agreed. The fact that the instant case involves a tenancy by the entirety and not a joint tenancy makes an even stronger case for the result we have reached. There can be no partition of a tenancy by the entirety, and "each tenant has an indefeasible right of survivorship in the *entire* tenancy which cannot be defeated by any act taken individually by either spouse during his or her lifetime" (emphasis original). *D'Ercole* v. *D'Ercole*, 407 F. Supp. 1377, 1380 (D. Mass. 1976).