WILLIAM J. POSSEHL *vs.* PHILIP OSSINO. No. 88-P-922. December 4, 1989. *Res Judicata. Judgment*, Preclusive effect. *Practice, Civil*, Judgment, Appeal, Summary judgment, Affidavit.

When Philip Ossino, the landlord, brought eviction proceedings against William J. Possehl, the tenant, the latter not only defended but fired back with counterclaims raising breach of implied warranty of habitability, breach of covenant of quiet enjoyment in violation of G. L. c. 186, § 14, violation of G. L. c. 186, § 15B, retaliatory eviction, and negligence. That action ended in a settlement, memorializied by the filing in the District Court of an agreement for judgment, whereby the landlord received possession and dropped his claim for some $700 in back rent and the various counterclaims were resolved in favor of the landlord. That was in July, 1984.

Nine months later, in March, 1985, the tenant cranked up a new negligence action in the Superior Court. Judgment entered in favor of the landlord (on a motion for summary judgment) on res judicata grounds, i.e., negligence had been raised and disposed of by judgment in the District Court proceedings. On his appeal, the tenant argues that the settlement of the negligence counterclaim in the District Court was a nullity as the court lacked subject matter jurisdiction to hear such a claim within a summary process proceeding.

The point is governed by *Harker* v. *Holyoke*, 390 Mass. 555, 558-560 (1983). Generally, irrespective of whether a court had subject matter jurisdiction, parties may not relitigate a claim which has been submitted to the court for decision and which has become the subject of a final and unappealed judgment in that forum. Compare *Bagley* v. *Illyrian Gardens, Inc.*, *ante* 127, 130 (1989), where the prior judgment was appealed from and, therefore, open. Principles of finality and judicial economy to that degree supplant the doctrine that parties may not confer jurisdiction on a court which the court does not have. *Id.* at 559, and see *Litton Bus. Syss.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981); *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668, 670 (1984). Whether a

party may counterclaim for negligence within the context of a summary process action (see *Yorke Mgt.* v. *Castro*, 406 Mass. 17 [1989]) is, therefore, a matter we need not decide.

There is nothing to the argument that the landlord's affidavit in support of his motion for summary judgment in the Superior Court was inadequate. First, the essential facts recited in the affidavit, what was in the counterclaim at the District Court level and what was in the judgment which had been entered were also ascertainable from the District Court docket, to which the Superior Court judge had access. Second, personal knowledge of the terms of a settlement may be attributed to a lawyer for one of the parties and the absence of a recitation of personal knowledge by an attorney-affiant concerning settlement terms is not a serious defect. See *Lockwood* v. *Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980). Third, the tenant, having not moved to strike the affidavit for defects at the trial court level, may not raise those defects on appeal. See *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985); *Jackson* v. *Action for Boston Community Dev., Inc.*, 403 Mass. 8, 12 n.2 (1988); *Klingman* v. *National Indem. Co.*, 317 F.2d 850, 854 (7th Cir. 1963); *Noblett* v. *General Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968); *Associated Press* v. *Cook*, 513 F.2d 1300, 1303 (10th Cir. 1975); *Lacey* v. *Lumber Mut. Fire Ins. Co.*, 554 F.2d 1204, 1205 (1st Cir. 1977); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2738, at 507-509 (2d ed. 1983).

The judgment is affirmed. The appellee is to have double costs.

*So ordered.*

*Alan M. Cohen* for the plaintiff.
*Thomas M. Elcock* for the defendant.