MARK LEVY & another[1] *vs.* FRANCINE O. CRAWFORD. No. 91-P-438. October 7, 1992. *Practice, Civil*, Attachment, Agreement for judgment. *Real Property*, Tenancy by the entirety, Attachment. *Husband and Wife*, Tenancy by the entirety. *Statute*, Retroactive effect.

In 1989, the plaintiffs brought this action in the Superior Court to enforce a guarantee given by the defendant during the previous year, and obtained a pre-judgment attachment on all of the defendant's real estate in Suffolk County. The defendant filed an opposition to the plaintiffs' application for approval of the attachment grounded in part on the fact that the only real estate she owned was held with her husband as tenants by the entirety and occupied by them as their principal residence. After the trial court judge allowed the attachment, she sought relief in this court. On July 31, 1989, a single justice denied relief "at this stage of the proceedings." Thereafter, the defendant's liability was established by the allowance of the plaintiffs' motion for partial summary judgment. Ultimately, the parties, acting through their attorneys, entered into an agreement for judgment for the plaintiffs in the amount of $320,000 and filed it pursuant to Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). The defendant appeals "with respect only to the June 28, 1989, allowance of an attachment of the defendant's property." She seeks to vacate the attachment so far as it applies to the property occupied by her and her husband as their principal residence and which they have held as tenants by the entirety since 1976. The issues presented are (1) whether a wife's interest in a tenancy by the entirety created before 1980 is subject to attachment, and (2) whether the defendant, by joining in the agreement for judgment, waived her right to contest that attachment.

At common law, an attachment of a wife's interest as a tenant by the entirety was void. *Friedman* v. *Harold*, 638 F.2d 262, 264 (1st Cir. 1981). *Licker* v. *Gluskin*, 265 Mass. 403, 407 (1929). *Pineo* v. *White*, 320 Mass. 487, 490 (1946). *West* v. *First Agric. Bank*, 382 Mass. 534, 543 & n.16

---

[1]Jean L. Brenner.

(1981). General Laws c. 209, § 1,[2] as appearing in St. 1979, c. 727, protects "property held as tenants by the entirety" from "seizure or execution" but "[i]t does not exempt such property from attachment." *Peebles* v. *Minnis*, 402 Mass. 282, 283 (1988). That statute, however, does not apply to tenancies by the entirety created before it became effective on February 11, 1980, absent specific legislative mandate. *West* v. *First Agric. Bank*, 382 Mass. at 551-552. *Turner* v. *Greenaway*, 391 Mass. 1002, 1003 (1984); *Veterans' Agent of Randolph* v. *Rinaldi*, 21 Mass. App. Ct. 901, 902 n.4 (1985). See also *Osborne* v. *Lancaster*, 345 Mass. 164, 165 (1962). "[T]he bar's reasonable reliance on a rule or a statute in effect at the time of *transfer* [of property] precludes retroactive application of a new rule or a statute," even where a creditor's seizure of the property occurs after the effective date of the new statute. *Turner* v. *Greenaway, supra* at 1003. That the enforcement action here was an attachment rather than a seizure is not sufficient reason to override an established policy against retroactive application. See *West* v. *First Agric. Bank*, 382 Mass. at 551 ("Retroactive alteration of the law is strongly contraindicated when the subject is settled rules of property").

As a general proposition, an agreement for judgment serves as a waiver of all matters within the scope of that judgment. See *Coughlin* v. *Regan*, 768 F.2d 468, 469-470 (1st Cir. 1985); *Kacouris* v. *Loukas*, 333 Mass. 44, 49 (1955). The attachment in issue, however, is well outside of the scope of the judgment. The granting of an attachment is incidental to the exploration and determination of the substantive issues in a case. See *Richardson* v. *Greenhood*, 225 Mass. 608, 609 (1917); *DeRosier* v. *Meunier*, 299 Mass. 37 (1937); *Orlov* v. *MacNeil Bros.*, 335 Mass. 768, 769 (1957). Also, it is clear from the record that the issue of the defendant's liability as a guarantor had been resolved by the allowance of the plaintiffs' motion for partial summary judgment. The agreement for judgment served merely to establish the amount of that liability and the appeal does not in any way attempt to undo that agreement. The record of the defendant's opposition to the plaintiffs' application for approval of attachment and her premature attempt to obtain this court's review of the allowance of the motion for attachment reasonably support the inference that she intended to retain her right of appeal. See *Coughlin* v. *Regan, supra* at 470.

Accordingly, the order of attachment dated June 28, 1989, is vacated insofar as it applies to the property occupied by the defendant and her husband as their principal residence at the time of the attachment, and the

---

[2]General Laws c. 209, § 1, as appearing in St. 1979, c. 727, reads in pertinent part as follows:

"The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family."

clerk of the Superior Court in Suffolk County is authorized to issue a certificate of dissolution pursuant to G. L. c. 223, § 132.

*So ordered.*

Joel R. Leeman for the defendant.
Arlene Beth Marcus for the plaintiffs.