Merrick, J.
This action arose out of Probate Court proceedings in the bitterly contested divorce of plaintiff Stanley L. Handman (“the husband”) and Clare D. Handman (“the wife”). Lawrence R. Opert (“the husband’s lawyer”) represented the husband in both the divorce action and the present case. Defendant Robert M. Spector (“the wife’s attorney” or “the defendant”) is the wife’s uncle, and served as her attorney in the divorce action. The husband has appealed the allowance of the defendant’s motion to dismiss this case.
The husband’s complaint includes two counts against the wife’s attorney for fraud and negligence. A third count under G.L.c. 93A is based on, and merely repetitive of, the fraud and negligence counts. The complaint alleges that the fraud consisted of (1) misrepresentations by the wife’s attorney to the Probate Court as to his competence to try a divorce case, and (2) misrepresentations by the wife in Probate Court pre-trial motions and affidavits, which the wife’s attorney purportedly fabricated and had his client sign, that she was obligated to repay $5,000.00 to her father.[1]
The negligence count alleged that the defendant so carelessly prosecuted the divorce action that after three days of trial in December, 1994, the Probate Court judge declared a mistrial, stating:
I am declaring a mistrial in this case because, in my opinion, the conduct of Attorney Spector has been deplorable. I shall request the Board of Bar Overseers to investigate the conduct of Attorney Spector during the course of this trial.
The husband’s complaint in this action seeks attorney’s fees and costs for the Probate Court trial.
*186 Following the mistrial, the husband’s lawyer filed a motion in the Probate Court[2] for the same attorney’s fees sought in the present action. In a supporting affidavit, the husband’s lawyer claimed that such attorney’s fees were due to the alleged perjury of the wife in the pre-trial affidavits (the very same statements which are the basis of the husband’s fraud claim herein) and for the wife’s attorney’s “deplorable conduct” at the trial. The husband’s motion was denied by the Probate Court “without prejudice to the motion being renewed at the hearing of the Complaint for Divorce.”
The motion for attorney’s fees in the divorce action was handed to the Probate Judge on September 5, 1995. The present District Court action was filed on November 27, 1995, and the defendant’s motion to dismiss was heard on March 6, 1996 and allowed on March 11, 1996. Also on March 11, 1996, a judgment of divorce was entered in the Probate Court based on a signed agreement of the parties filed on that date. The wife’s attorney had previously withdrawn his appearance for the wife.
1. The District Court dismissed the husband’s action on the grounds that the husband had a remedy in the Probate Court pursuant to G.L.c. 231, §6F. It is true, as the husband argues here, that the husband was not entitled to an award of attorney’s fees pursuant to §6F which authorizes relief from frivolous claims and defenses only when “all or substantially all” of the claims made by a party are “wholly insubstantial, frivolous and not advanced in good faith.” See generally Hahn v. Planning Board of Stoughton, 403 Mass. 332, 337-338 (1988); Strand v. Hubbard, 27 Mass. App. Ct. 684, 685 (1989). The misrepresentations alleged by the husband did not involve a substantial part of the divorce action.
2. The present record does not reflect whether the husband’s lawyer properly informed the District Court judge that an agreement for judgment in the divorce case had been reached. In any event, to the extent that the husband’s claim for attorney’s fees or other damages is based on the alleged misrepresentations of the wife or her attorney, it is essential to note that those representations were made to the Probate Court. Assuming arguendo that the husband could have established both the fact of the misrepresentations and the wife’s attorney’s responsibility for the same, the Probate Court could have ordered reimbursement of any payments by the husband which were obtained by the alleged fraud or misrepresentation, and could also have exercised its broad power to award attorney’s fees. Bisienere v. Buccino, 36 Mass. App. Ct. 749, 752-753 (1994). Instead of seeking such a modification or award of attorney’s fees, the husband elected to enter into an agreement for judgment in the Probate Court. Generally, an “agreement for judgment serves as a waiver of all matters within the scope of that judgment.” Levy v. Crawford, 33 Mass. App. Ct. 932, 933 (1992). The judgment of divorce entered by the Probate Court on the basis of the husband and wife’s agreement for judgment recites, in pertinent part: “The signed Agreement of the parties filed March 11,1996 is fair and reasonable and not the product of fraud or coercion ...”
3. The principal claim here arises out of the wife’s attorney’s representations to the court concerning his competence, and his performance in the divorce proceedings which culminated in a mistrial. Any right of action by the husband, however, on that account depends first upon the existence of a duty owed by the wife’s attorney to the husband. In support of his argument for the existence of such a duty, the husband’s lawyer cites Spinner v. Nutt, 417 Mass. 549 (1994); DaRoza v. Arter, 416 Mass. 377 (1993), and Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515 (1989). Those cases clearly stand for the proposition that a lawyer may owe a duty to a reasonably relying non-client whose *187 interest is not adverse to the client’s. There was no such duty in this case. “It is well established that attorneys owe no duty to their client’s adversary [citation omitted]. Within the adversary system, ‘there is no room for the existence of a duty running to the adversary.’” Lamare v. Basbanes, 418 Mass. 274, 276 (1994). There was, therefore, no error in the trial court’s allowance of the defendant’s Mass. R. Civ. R, Rule 12(b)(6) motion to dismiss for failure of the husband to have stated a claim upon which relief could be granted.
4. The husband’s lawyer is fully aware of the holding of Lamare v. Basbanes, just stated. Indeed, the husband’s lawyer cites the case in his brief on this appeal. This Division has full authority to award double costs or other sanctions for any appeal we deem frivolous. G.L.c. 231, §108; Dist./Mun. Cts. R. A. D. A., Rule 25. A frivolous appeal imposes entirely needless economic burdens “not only upon the party forced to defend it, but upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals.” Avery v. Steele, 414 Mass. 450, 456 (1993). An appeal is frivolous “when the law is well settled, when there can be no reasonable expectation of a reversal.” Plymouth & Brockton St. Rwy. Co. v. Leyland, 422 Mass. 526, 531 (1996). It cannot be seriously argued in the face of such strong and recent authority to the contrary, that counsel owes a duty to an opponent in the conduct of litigation. Double costs in this case should be paid by plaintiff’s lawyer. Avery v. Steele, supra at 457.
The judgment of dismissal is affirmed. Double costs of this appeal are to be assessed against plaintiff’s lawyer. So ordered.

 These are the only alleged misrepresentations specified in the complaint, and even the second allegation concerning the $5,000.00 debt was not included in the complaint proper, but in an attached copy of a G.L.c. 93A demand letter. “In all averments of fraud ..., the circumstances constituting fraud ... must be stated with particularity.” Mass. R. Civ. P., Rule 9(b). See generally, VMS Realty Inc. v. Keezer, 34 Mass. App. Ct. 119, 119-120 (1993).

 The defendant filed an “Appendix” largely consisting of documents which were not before the motion judge in this action. Plaintiff husband’s lawyer filed a motion to strike the “Appendix” which was heard at oral argument before this Division. That motion is allowed, except as to any court papers in the case of Handman v. Handman, Essex Probate No 92D0410-D1, the underlying divorce action, which are included in the defendant’s Appendix and of which we take judicial notice. Town of Brookline v. Goldstein, 388 Mass. 443, 447 n. 5 (1983).