Welsh, J.
This is a summary process action in which plaintiff landowner seeks to recover possession of residential premises occupied by the defendant.
On June 6, 2002, the parties entered into a purchase and sales agreement whereby the plaintiff undertook to build a residence for the defendant at 35 Thi-beault Lane Extension in North Dartmouth, Massachusetts. The initial purchase price for the home under construction and the land was $401,500.00. The defendant paid an initial deposit of $41,000. He also paid approximately $13,000 for upgrades. Neither the purchase and sales .agreement nor any collateral undertaking required or contemplated any occupancy of the buyer before closing and delivery of the deed. The original closing date (September 26, 2002) was extended to October 23, 2002, because a certificate of occupancy had not been obtained. The closing was further extended for the same reason until December 20,2002.
In October of 2002, the buyers began to construct an in-ground swimming pool, with the acquiescence of the sellers. Work on the pool proceeded until July 11, 2003, when the sellers ordered the work stopped. The pool was solely for the convenience of the buyers. The sellers had no legal duty to erect it.
On December 4, 2002, an occupancy permit was finally obtained. The buyers moved in with the acquiescence of the seller. There was no agreement, express or implied, for the payment of rent, but the buyers did pay the cost of utilities associated with their use of the premises. The buyers furnished a “punch list” of items that needed to be repaired, installed or remedied. When the buyers moved in, it was anticipated that a closing was imminent. The buyers did install some lighting and flooring and some deadbolt locks to malee the premises secure and convenient.
The closing scheduled for December 20, 2002 had to be postponed due to title problems, including mechanics liens and another issue with the chain of title. The attorney for the lender was unwilling to close until these issues were resolved. The buyers remained willing to purchase, provided the title problems could be corrected. Efforts to resolve these issues have so far not succeeded.
Prior to trial, a judge other than the trial judge allowed plaintiff’s motion in limine to dismiss counterclaims. The judge ruled then none of the counterclaims *149 were appropriate in the summary process action because they did not arise out of any breach of warranty (of habitability) or material provision of any rental agreement, or from any violation of law. See G.L.c. 239, §8A. The trial judge awarded possession to the plaintiff and damages for use and occupancy from the notification to vacate the premises up to the date of the order for judgment.
The pivotal issue presented for appellate consideration is whether the order striking the counterclaims was correct. We determine that it was correct and dismiss this appeal.
A brief statement of the counterclaims ordered stricken is in order.
Counterclaim I alleges a violation of the covenant of good faith and fair dealing. This counterclaim necessarily relates to the purchase and sales agreement and the dealings of the parties in relation thereto. As will appear infra, the permissive use of the premises by the buyers was entirely gratuitous and was neither required by the agreement, nor was it implied in the undertakings of the parties. A breach of the covenant of good faith and fair dealing must arise from a contract between the parties. Every contract implies good faith and fair dealing between the parties. Kerrigan v. Boston, 361 Mass. 24, 33 (1972). The implied covenant provides that neither party will do anything that will have the effect of destroying or injuring the right of the other parly to receive the fruits of the contract. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-472 (1991).
Counterclaim II is even more specific. It alleges a breach of contract, i.e. the purchase and sales agreement. That contract has nothing whatever to do with the permissive use of the premises by the defendant with the acquiescence of the plaintiff. Counterclaim III seeks declaratory relief as to the rights set off for credit for capital improvements not furnished pursuant to the Agreement. Counterclaim IV alleges estoppel by reason of reliance induced by the plaintiff as to the continued viability of the purchase and sales agreement. Again, this does not implicate the present occupancy by the defendant. Counterclaim V is for alleged unfair or deceptive acts or practices relating to the breach of the purchase and sales agreement. There is no allegation that the unfair or deceptive acts or practices arise from the permissive use or occupancy of the premises by the defendant.
Summary Process is a creature of statute and may be resorted to only in those instances expressly countenanced by G.L.c. 239. Fafard v. Lincoln Pharmacy of Milford, 439 Mass. 512, 519 (2003), quoting Cummings v. Wajda, 325 Mass. 242, 243 (1950). In like manner, counterclaims are circumscribed. §8A of G.L.c. 239. Id. Although the appellate courts have permitted an expansion of those classes of persons who may resort to counterclaim relief [See Hodge v. King, 33 Mass. App. Ct. 746, 754 (1992) (tenant at sufferance may assert 8A counterclaims)], there remains a requirement that the counterclaims must arise from the tenancy use or occupancy itself. For example, in Mulvanity v. Pelletier, 40 Mass. App. Ct. 106 (1997), the court allowed a counterclaim under 8A for intentional infliction of emotional distress where the conduct giving rise to the claim was a violation of the covenant of quiet enjoyment. Similarly, in Lawrence v. Osuagwu, 57 Mass. App. Ct. 60 (2003), the landlord’s conduct in placing an unwanted roommate in the premises was held to be a breach of the covenant of quiet enjoyment. In Possehl v. Ossino, 28 Mass. App. Ct. 918 (1989), the Appeals Court left undisturbed a judgment upon a counterclaim sounding in negligence in a summary process case where the claim had been fully litigated. The negligence claim related directly to a breach of the covenant of quiet enjoyment. (The case turns primarily upon principles of finality in judgments which at times supplants principles of finality based on lack of subject matter jurisdiction.)
Courts have been inclined to draw a clear line of demarcation excluding the claims sought to be asserted in a summary process counterclaim which are based solely upon a breach of some collateral albeit related undertaking. In Maurotto v. *150 Naumaun, 1999 Mass. App. Div. 35, the Appellate Division for the Northern District opined that a breach of an option to purchase the premises by the tenant or occupant was not a proper counterclaim under G.L.c. 239, §8A. Id. at 37-38. While arguably dicta (the case did not involve residential summary process, and hence, G.L.C. 239, §8A was inapplicable), the reasoning of the opinion is persuasive. All counterclaims in Summary Process are permissive and not compulsory. See Rule 5, Uniform Summary Process Rules. In fact, there is a pending Superior Court action to which the parties may have recourse to fully litigate their right and obligation under the purchase and sales agreement.
The defendants are mere licensees in the premises. A licensee is distinguished from a tenant in that the former merely has the use of the premises and not possession. There may well be a question whether Summary Process may be employed against one who is a mere licensee. In United Co. v. Meehan, 47 Mass. App. Ct. 315 (1999), the Appeals Court held that the remedy to remove an unwanted guest and frequent visitor of a tenant was to sue the tenant in a Summary Process action rather than the unwanted guest. Id. at 319. While the matter is not wholly free from uncertainty, we hold that the significant public policy considerations which undergird the statutes prohibiting or limiting the use of self-help measures in securing possession of real property afford a remedy in the circumstances. See G.L.c. 184, §18; c. 186, §14. But see Baseball Publishing Co. v. Bruton, 302 Mass. 54, 56 (1938) (owner of premises may summarily oust licensee without notice). We observe that neither party raised the issue below, or briefed or argued it on appeal. Thus, any supposed jurisdictional infirmity is deemed waived since the matter was fully litigated below. See Harker v. Holyoke, 390 Mass. 555, 558-560 (1983).
There was no error of law in the order striking the counterclaims and by implication related defenses. The plaintiff was entitled to the relief granted. The trial judge appropriately awarded damages for use and occupancy from the effective date of the notice to quiet and deliver up the premises. We affirm the judgment and dismiss the appeal.
So ordered.