Agnes, Peter W., J.
This is a civil action in which the plaintiff, Robert Young (“Young”) seeks to recover damages from the defendants on several theories including (1) breach of contract based on a deed exchanged between the parties, (2) quantum meruit for work and improvements allegedly done to the property by Young, and (3) tortious interference with contractual rights based on a claim that the defendant Tomaiolo destroyed the original deed. The defendants have moved for summary judgment on the grounds that the plaintiff is barred from bringing these claims as a result of a prior agreement between the parties that was entered as a judgment in the Housing Court. For the following reasons, the motion is ALLOWED.

FACTUAL BACKGROUND

On July 27, 2004, Joseph Lapolito (who is now deceased and whose estate is a party to the suit) signed a deed to transfer the premises located at 10 Blaker Street, Auburn, MA, to Plaintiff, Robert Young. Plaintiff was also Lapolito’s tenant. The next day, Lapolito through his attorney, asked for the deed back. Young’s attorney did in fact return the deed on July 30, 2004. When received, Lapolito’s attorney marked the deed void and had Lapolito sign it.
On November 15, 2005, a Summary Process summons and complaint was filed in Worcester Housing Court against Young for his failure to pay rent due on 10 Blaker Street in the amount of $15,000 for the period from March 1, 1998 through November 1,2004. An answer was filed with the assistance of a member *155 of the Massachusetts Justice Project alleging, among other things, that Young had to pay for certain repairs that were Lapolito’s responsibility. Five days later Plaintiff obtained counsel, Attorney Nielsen.
On December 8, 2004, Nielsen filed a Motion for Leave to Amend the Answer. In the Motion, Nielsen indicated “counsel has learned of the existence of several colorable defenses and claims, among them the question of ownership of the subject premises and the issue of work that [Young] did on the premises ...” (Exhibit 5.) Additionally, Nielsen wrote a Proposed Amended Answer that states “as a defense, the prior owner of the premises, Joseph Lapolito, transferred the property to [Plaintiff] by deed in June 2004.”
The record does not indicate that any action was taken with respect to those motions. Instead, on December 16, 2004, the parties entered into an Agreement for Judgment and it was approved by the Worcester Housing Court. On February 16, 2005, Young filed a Motion for Stay of Execution and on February 24, 2005, the parties entered into a second Agreement for Judgment. According to the terms of the agreement, Young was to vacate the premises and Lapolito would waive the rent that was due. The Housing Court issued an Execution on the Judgment for Summary Process on April 4, 2005.
On April 13, 2004, Attorney Bergman filed a Motion to Dismiss/Deny Agreement for Judgment Nunc Pro Tunc in Housing Court, and filed this action in Superior Court. Attached to the motion filed in Housing Court was the complaint in this action, and the deed, among other papers. The Motion to Dismiss/Deny Agreement filed in Housing Court was denied by Judge Sullivan and no appeal was filed in Housing Court.
DISCUSSION A. Count I: Breach of Contract 1. Issue Preclusion
The Defendants claim that Young is precluded from raising this breach of contract claim in Superior Court. “The party asserting [issue preclusion] must establish that the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies and the determination was essential to the decision in the prior action.” Heacock v. Heacock, 402 Mass. 21, 25 (1988).
This doctrine has been extended to situations where there is neither a full trial nor a judgment on the merits. For example, an agreement for judgment “is binding and conclusive upon the parties as if it had been entered after a trial and a determination of the issues.” Fishman v. Athens, 321 Mass. 280, 281 (1947). The agreement represents the intent of the parties as to the issues which will be precluded. Pinshaw v. Metropolitan Dist Com., 402 Mass. 687, 697 n. 14 (1988). It serves as a waiver of all matters within the scope of that judgment. Levy v. Crawford, 33 Mass.App.Ct. 932, 933 (1992), citing Kacouris v. Loukas, 333 Mass. 44, 49 (1955). This doctrine provides that whatever issues were raised in the pleadings by either party are considered to be within the agreement for judgment and will be precluded from further litigation regardless of whether the agreement for judgment specifically refers to those issues in the pleadings. See Possehl v. Ossino, 28 Mass.App.Ct. 918, 919 (1989) (negligence claim existing in the pleadings during the execution for an agreement for judgment, which did not expressly preclude a negligence claim, was precluded in a later Superior Court action). The doctrine reflects the concern of courts that parties not be permitted to take a “second bite at the apple.” Davignon, 176 F.Sup.2d at 85. See also Possehl, 28 Mass.App.Ct. at 918.
The Plaintiff in this case cites Kelton Corp. v. County of Worcester, 426 Mass. 355 (1997), in support of his position that his claim should not be precluded. In Kelton, the plaintiff sought payment for services performed while employed by Worcester County. Initially, the plaintiff was to be paid solely out of an “enterprise account.” In the defendant’s affirmative defense, it included that its obligation to pay was limited to revenues in this account. The dispute was eventually resolved with the parties entering into an agreement for judgment, but it did not expressly include a provision limiting the county’s liability to funds in the enterprise account. The Court held that the source of plaintiffs award was not limited to the enterprise fund. Kelton Corp., 426 Mass. at 361. The court’s reasoning was that the agreement for judgment permitted the plaintiff to “initiate procedures as it deemed appropriate to collect the balance due on the judgment.” Id. at 358 n.6. This, the court explained, was an express modification of the parties’ rights as defined by the pleadings in which the defendant city had sought to limit any recovery by the plaintiff to funds that were in the Enterprise Account. Parties are permitted to “make a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment.” Id. at 360, citing Thibbits v. Crowley, 405 Mass. 222, 227 (1998). See also Turner v. Cmty. Homeowner’s Ass’n, 62 Mass.App.Ct. 319, 328 n.12 (2004) (parties may expressly exempt issues to be precluded from an agreement for judgment.).
The Kelton case thus stands for the proposition that an agreement for judgment precludes parties from raising in a subsequent case any issues (1) addressed in the agreement itself, and (2) any issues raised by the pleadings if the agreement is silent as to those issues. However, if the agreement for judgment expressly deals with a specific issue raised in the pleading, and, as in Kelton, modifies the position taken by a party in the pleadings, then the expression of that matter in the agreement is conclusive.
The situation in this case is distinct from Kelton, because the parties did not modify their positions as *156 stated in the pleadings. The agreement for judgment is silent in that respect. Thus, all those issues raised in the pleadings should be deemed precluded. However, in this case, there is some confusion as to what is included in the pleadings. During the Housing Court proceeding, in defense of Lapolito’s claim for past rent, Plaintiff attempted to assert a defense that there was a legitimate transfer of property. However, the evidence indicates that the motion for leave to amend was not actually heard and ruled on by the Housing Court. Therefore, the answer was not formally part of the pleadings. The Proposed Amendment to the answer cannot be taken into account when interpreting the scope of the Agreement for Judgment. This court cannot speculate as to what the parties were thinking while bargaining. The terms of the agreement are clear and there is no mention of ownership in the pleadings.

2. Claim Preclusion

“Claim preclusion makes a valid, final judgment conclusive on parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Heacock v. Heacock, 402 Mass. 21, 23 (1988). This doctrine applies even when a claimant presents different evidence on different legal theories or seeks different remedies in a future case. Id. Claim preclusion is “based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.” Foster v. Evans, 384 Mass. 687, 696 n.10 (1981).
The principle of finality will take precedence over the principle of validity of judgments in the proper circumstances. Harker v. Holyoke, 390 Mass. 555, 559 (1983); Possehl v. Ossino, 28 Mass.App.Ct. 918, 918 (1989). For example, if a new issue “grows out of the same transaction, act or agreement, and seeks redress for the same wrongs it will be precluded in a subsequent proceeding” (the “transaction test”). Thus, under Massachusetts law, an agreement for judgment that disposes of a cause of action for damages will be deemed to bar a future claim for damages, even though the new claim is considered a separate cause of action, if the new claim arises out of the same set of facts as the claim that was barred by the agreement for damages. Mackintosh v. Chambers, 285 Mass. 594, 596 (1934)
Based on this test, the facts support the preclusion of the “deed issue.” The fact that Young attempted to raise this issue as an affirmative defense is strong evidence that it arises out of the same set of facts as the original question of who possessed the contested property. In this case, if Young had won on the ownership issue then the possession issue would have been settled as well.

B. Count II: Quantum Meruit

The agreement for Judgment also included Lapolito’s waiver of past rent due, yet Plaintiff still maintains a quantum meruit claim in Count II. The issue of the amount of money owed by the parties in relation to 10 Blaker Street was pled and settled in the Agreement for Judgment. The Plaintiff filed an answer and an affirmative defense with the assistance from a member of the Massachusetts Justice project that he was owed money for repairs of the house that he conducted, which Lapolito should have performed. Thus summary judgment on Count II is allowed.
C. Tortuous Interference with a Contract
Because the viability of this claim is determined by the viability of the contract claim, this issue should be precluded as well.

CONCLUSION

For the above reasons, the defendants’ motion for summary judgment is ALLOWED.